FARMERS NATIONAL BANK OF OWATONNA v. HIRAM BACKUS and Others.[1]

December 28, 1896.

Nos. 10,166—(173).

**Discharge of Receiver—Foreclosure.**

In an action to foreclose a mortgage, a receiver pendente lite was appointed to collect the rents of the mortgaged premises and apply them in payment of delinquent taxes and interest due on a prior mortgage. *Held*, that the fact that, pending the action, the holder of the first mortgage had paid the delinquent taxes, added the same to the amount due on his mortgage, foreclosed, and bid in the property for the full amount due him, furnished no ground for the discharge of the receiver.

**Rights of Second Mortgagee.**

The purchase of the premises by the first mortgagee for the full amount due him operated as a discharge of interest and taxes as between himself and the mortgagor, but not as between the mortgagor and the second mortgagee. It merely increased by that amount the sum which the second mortgagee would have to pay in order to redeem.

Appeal by defendant Burdic from an order of the district court for Ramsey county, Charles D. Kerr, J., denying his application to discharge the receiver and to compel him to account, and directing appellant to deliver possession of the premises to the receiver. Affirmed.

*William G. White*, for appellant.

*Herchmer Johnston* and *Robertson Howard*, for respondent.

[1] Reported in 69 N. W. 638.

MITCHELL, J.   This case has already been twice before this court. 63 Minn. 115, 65 N. W. 255, and 64 Minn. 43, 66 N. W. 5.   After we held that the effect of a supersedeas bond on appeal was to suspend the power of the receiver pending the appeal, the receiver surrendered the possession of the mortgaged premises to Burdic, the grantee of Backus, the mortgagor, who resumed the collection of the rents.   After we affirmed the order of the court appointing a receiver pendente lite to collect the rents of the mortgaged premises, the plaintiff moved the court below for an order requiring Burdic to restore possession of the premises to the receiver, so that the latter might resume the collection of the rents in accordance with the terms of the order of his appointment.   At the same time Burdic moved the court for an order discharging the receiver, and requiring him to account for the rents he had already collected.   The court granted plaintiff's motion and denied that of Burdic, but without prejudice to an application for an accounting at the proper time and upon the proper showing.   From this order Burdic appeals.

The grounds upon which Burdic claimed that the receiver should be discharged, and the right to collect the rents restored to himself, were that, after this action was commenced, and after a receiver had been appointed, and pending the appeal already referred to, the holder of the first mortgage had paid up the delinquent taxes and the insurance on the buildings on the premises, added the amount to the sum due on his mortgage, foreclosed, and bid in the property for the full amount, and hence that there are now no delinquent taxes on the premises, and no interest due on the first mortgage, and, therefore, that there is now no use to which the receiver could rightfully apply the rents, and that he has now no further duties to perform.

The effect of the decision affirming the order appointing a receiver was to restore his authority to collect the rents pendente lite, and to determine that he had that right from the date of his appointment. And it would seem to require no argument to show that, if there was, at the commencement of this action, a propriety or necessity for the appointment of a receiver, it still exists with even increased force. The contention that the delinquent taxes on the premises and the interest on the first mortgage have been all paid by the foreclosure of the first mortgage is fallacious.   True, they have been discharged as between the mortgagor and the holder of that mortgage, but, as

between the latter and the plaintiff, they have not been paid, but merely added to the amount of the first mortgage, thus increasing by just so much the amount of the prior incumbrance which plaintiff will have to pay in order to protect the second mortgage. It appears that, although Burdic was in receipt of the rents for a considerable time during the pendency of his former appeal, he never applied any part of them to the payment of either the taxes on the premises or interest on the first mortgage, but appropriated them to his own use; and it comes with bad grace from him to now attempt to resume and continue the same course.

It is contended that Burdic was at least entitled to have the receiver account for the rents and profits which he had received. But, as the action is still pending, no reason is apparent why the receiver should be required to account at this time, especially at the instance of Burdic. Even if, as suggested, the receiver did not refund to Burdic all the rents which he collected pending the appeal, the court would not require him to pay these over to Burdic, and then turn around and sue him and his sureties on the supersedeas bond to recover them back. What application should be made upon the final determination of the action of the rents and profits collected by the receiver is not now before us; but we are satisfied that, in case plaintiff redeems from the sale on the first mortgage, he will be entitled to have them applied towards such redemption, at least to the extent of the taxes and interest on the first mortgage included in that sale. Hence, in any view of the case, the court was right in continuing the receivership.

Order affirmed.