JACOB J. ESCH and Another v. WILLIAM G. WHITE.

May 9, 1899.

Nos. 11,614—(191).

Appeal Bond—Refusal of Sureties to Justify—Promise of Indemnity to Sureties—Consideration—Statute of Frauds.

E. and E., as sureties, with B., as principal, executed an undertaking upon an appeal of B. to the supreme court, which undertaking was approved by the court, and filed with the clerk. The appellee excepted to the sureties, and they refused to justify. Thereupon W., the attorney for the appellee, promised and agreed with the sureties that if they would justify, and continue upon the undertaking as sureties, he would protect them and save them harmless from all liability by reason of any default of B., the principal on said undertaking. Thereupon the sureties consented to, and did, justify and continue upon said undertaking as such sureties. B. defaulted in the conditions of said undertaking, and the

sureties were compelled to pay the amount of such default. *Held,* that the sureties had a right to refuse to justify upon such undertaking, which refusal would render the undertaking inoperative; that the court had no mandatory power to compel them to appear and submit to an examination; that their justifying and continuing upon the undertaking were voluntary upon their part, and that their doing so at the request and upon the promise of W. was a sufficient consideration for his promises to save them harmless, and upon the default of B., and payment of the amount thereof by E. and E. as sureties, W. was liable to them for such amount; and that his said promise was not within the statute of frauds.

Action in the district court for Ramsey county to recover $2,500 upon a contract of indemnity. The court, Otis, J., directed a verdict in favor of defendant. From an order denying a motion for a new trial plaintiffs appealed. Reversed.

*Humphrey Barton,* for appellants.

*Wm. G. White,* pro se.

BUCK, J.

This litigation grows out of a suit brought by the Farmers' National Bank of Owatonna against one Burdic. A second appeal to this court was from an order of the district court directing Burdic to deliver possession of certain premises in litigation to the receiver, in which action these plaintiffs executed an undertaking on said appeal in behalf of Burdic. After the undertaking had been executed and delivered by these plaintiffs, approved by the court, and filed, the obligees excepted to it; and, when the matter was to come before the court for hearing and justification, these plaintiffs went to the office of the defendant, White, who was then the attorney for Burdic in said suit, and demanded that their names be stricken from the undertaking as sureties, and said that they would no longer continue or justify as such; and thereupon this defendant, White, told plaintiffs that if they would continue to remain as sureties on the said undertaking, and would justify, he would guaranty that they should be protected and saved harmless from all liability by reason of their remaining upon said undertaking. Believing such statements, and relying thereon, they went into court, allowed their names to remain upon said undertaking, and justified.

Before this contract or agreement was made, the undertaking

had already been approved by the court, and filed in the clerk's office, and become the appeal bond in that action, and would have so remained until the termination of the action, unless an exception had been taken to it, and sustained by the court. G. S. 1894, § 6150, provides that a bond upon appeal is of no effect, unless it is accompanied by the affidavit of the sureties that they are each worth double the amount specified thereon; the adverse party may, however, except to the sufficiency of the sureties within ten days after notice of the appeal; and unless they, or other sureties, justify before a judge of the court below, as prescribed by law in other cases, within ten days thereafter, the appeal shall be regarded as if no bond had been given; the justification shall be upon a notice of not less than five days. There was a default in the conditions of the undertaking, and this action was brought by the sureties, the plaintiffs herein, against this defendant, White, upon his alleged contract of indemnity.

Was the obligation on the part of these sureties to justify mandatory, or had they the right or power to refuse to justify as sureties after they had been excepted to? The statute is explicit that unless they, or other sureties, justify within ten days, the appeal shall be as if no bond had been given. This, of course, means that in case of such failure the appeal would not be perfected. And, if the appeal is not perfected, then there would be no liability adjudicated or determined by the supreme court upon the case sought to be appealed, as against the appellants; and, in default of a perfected appeal, the prevailing party in the trial court could enforce his judgment by execution, or, by proper proceedings, enforce the right given him by the trial court.

In case of an appeal to this court the appellant should furnish good and solvent sureties within the time provided, and he should know the solvency of the persons he offers as sureties. Their acts as such, however, are voluntary, and usually without consideration, as between themselves and their principal. They must in the first instance make affidavit that they are worth double the amount specified in the undertaking, and upon this statement the judge usually receives them as such, subject, however, to the rights of the appellee, who can insist upon his right to have such sureties as the

law requires, and to have this appear by an oral examination before the trial court. But the sureties do not contract with either party nor the court to justify, and while they may be solvent, and able and willing to make affidavit accordingly, yet they might refuse to justify upon an oral examination before a judge, as they might be compelled to have their private business exposed, to their annoyance and detriment. When the appellee excepted to the sureties, it alleged that they were insufficient, and sought, under the statute, to have them discharged as such. The sureties said: "Well, we will not justify. We do not desire to do so. We accept your challenge, and will withdraw from the obligation entered into." Why should the appellant have the right to stop or hinder this act of the sureties? The contractual relations then between the sureties and the appellee were terminated by their wish and mutual agreement to do so. The court could not compel them to renew the contractual liability. The appellant could not, for he had paid no consideration therefor, and between him and the sureties there was no contract or obligation. The language of the statute tends somewhat to sustain this view of the matter, where it provides that

"Unless they or other sureties justify * * * the appeal shall be regarded as if no such bond had been given."

This power to justify, or refuse to do so, after exception by the appellee, rests with the sureties, and it is discretionary with them whether they would do so or not. If they justify, it is a voluntary act upon their part, the same as signing the undertaking in the first instance. When the appellee or obligee in the bond excepts and objects to the sureties, it is because he thinks that they are irresponsible, and he will not accept them, and they admit it, and refuse to justify; and we do not think that the court has any power at this stage of the case to step in, and use its mandatory power, and compel the sureties to do that which the sureties and obligees agree need not be done, especially as the statute provides that other sureties may take the place of the nonjustifying one. If there is an inherent power in the court to order the sureties to justify after the exception, then upon their refusal to do so the court would have power to punish them for contempt. The adoption of such a rule

would greatly retard the right of appeal, because, when generally known, sureties would frequently hesitate about taking the risk and annoyance of an oral examination upon their justification, or punishment for contempt if they refuse to do so.

In the case of Hoffman v. Smith, 34 Hun, 485, it was held that the failure of the sureties to justify rendered the undertaking inoperative, and that no action would lie thereon by the plaintiffs. In that case, after exception, and refusal of the sureties to justify, the attorneys for the appellee offered to withdraw the exception and to waive the justification of the sureties; but the court held that, as the sureties had positively refused to justify before this offer, it came too late, and hence that the sureties were no longer bound. That case was controlled by that of Manning v. Gould, 90 N. Y. 476, in which it was said, at page 481, that

"No reason can be suggested why the respondent should be permitted to disregard the undertaking and proceed upon the judgment as if none had been given, and yet have all the advantages that the undertaking was intended to secure. The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment. The undertaking was tendered by the appellant, and rejected by the respondent, and never perfected by the appellant."

That would have been the condition of the case at bar, had not the defendant, White, promised to protect and save the plaintiffs harmless, and thereby induced them to justify and continue on the undertaking as sureties. That promise was the consideration for their remaining on the bond and justifying, and by so doing they became liable thereon to the bank, and were compelled to pay, and did pay, the damages caused by the default of Burdic, the principal on the undertaking.

The promise of White was one made directly to, and constituted a contract with, the sureties, and was not within the statute of frauds. Fidelity & Casualty Co. v. Lawler, 64 Minn. 144, 66 N. W. 143.

Order reversed, and new trial granted.

MITCHELL, J.

I concur in the result. I think the crucial question in the case is whether the principal in the bond could have compelled the sureties to appear before the court and justify. If he could, then their doing what they were already bound to do, and could have been compelled to do, constituted no consideration for the promise of the defendant to indemnify them. On the other hand, if the principal could not have compelled them to appear and justify, their voluntarily doing so constituted a sufficient consideration for defendant's promise. As between the principal and the sureties, the execution of the bond by the latter was presumably without consideration, and a mere matter of accommodation to the former. This being so, I fail to see how the sureties owed any legal duty to their principal to do the still further act of accommodation of appearing before the court and justifying. I do not think he could have compelled them to do so. And, while the fact is probably immaterial in this case, I do not think the obligee in the bond had any right to compel them to justify. Suffice it, however, to say that he was not attempting to do so, but was standing on his exception to their sufficiency. The court could not compel them to appear and justify, unless some party had a legal right to compel them to do so. That the promise of defendant was not within the statute of frauds is too well settled by the authorities to be now questioned.

CANTY, J.

I concur with MITCHELL, J.