JACOB J. ESCH and Another v. WILLIAM G. WHITE.[1]

February 18, 1901.

Nos. 11,841—(215).

Law of the Case.

An order of the district court, where it has jurisdiction of the person and the subject-matter, is conclusive, unless set aside upon review by the appellate court. If such order is not reviewed, but acquiesced in by the parties, it is to be treated as the law of that case and final.

Undertaking on Appeal—Consideration.

Where the district court holds that an undertaking on appeal from the appointment of a receiver is not sufficient, and requires another, of different form, to discharge contempt proceedings against the appellant,

[1] Reported in 85 N. W. 238, 718.

such new undertaking is a sufficient consideration for a promise to indemnify the sureties to whom such promise is made.

### Foreclosure of Mortgage—Account of Receiver.

Where, upon foreclosure of a mortgage, a receiver has been appointed to take charge of the property, whether the mortgagor or owner of the property is entitled to the rents and profits, under the rule in Marshall & Ilsley Bank v. Cady, 75 Minn. 241, cannot be determined in a collateral action, where all the parties interested are not before the court, and there has been no accounting or settlement with such receiver.

### Former Appeal—Law of the Case.

No new facts are set forth in the amended answer that require any modification or change in the rule laid down on the former appeal of this case. Esch v. White, 76 Minn. 220.

### Pleading—Real Party in Interest.

*Held*, upon the allegation in the amended answer that plaintiff was not the real party in interest, such averment is a conclusion of law, and insufficient.

Appeal by defendant from an order of the district court for Ramsey county, Otis, J., sustaining a demurrer to portions of the answer. Affirmed.

*W. G. White*, appellant, in pro per.

*Humphrey Barton*, for respondents.

LOVELY, J.

This is the second appeal of this action. When it was here on the former hearing (76 Minn. 220, 78 N. W. 1114) it was held that defendant was liable to plaintiffs on a promise of indemnity made to secure their justification as sureties to a supersedeas undertaking on an appeal from an order in another action. On the return of the mandate to the district court, plaintiffs amended their complaint, but in no respect affecting the sufficiency of the cause of action, under the rule laid down by this court on the former appeal. After the amended complaint, defendant amended his answer, setting forth an extended statement of all the facts upon which he relies to establish his defense. Plaintiff demurred on the ground of insufficiency to state a defense. These demurrers were sustained by the trial court, from which order defendant appeals.

The pleadings, as now framed, seemingly present every question of fact that obstructs the final determination of this case upon its merits, and may be summarized as follows: Certain parties owned an apartment house in St. Paul. They had placed thereon a mortgage to the John Hancock Insurance Company for $30,000. Subsequently the owners secured a further loan, and gave as security an absolute deed of the property to the Farmers National Bank of Owatonna, with an agreement by the bank to reconvey on payment of the loan. Subsequently such owners conveyed the property to one Charles W. Burdic, who took possession and collected and retained the rents. No further payments were made upon either mortgage, and the insurance company and the bank severally brought suits to foreclose their liens. Burdic was not, in the first instance, made a party defendant to the suit by the bank, but, upon his own application, was permitted to defend therein, and he appeared in all subsequent proceedings; the defendant acting for him as his attorney. Upon a proper showing, the district court of Ramsey county, where the bank mortgage was being foreclosed, appointed a receiver to take possession of the property, collect rents, stay waste, pay taxes and insurance, and report proceedings, subject to the further order of the court. Burdic appealed to this court from the order appointing such receiver.

Plaintiffs on this appeal executed a supersedeas undertaking in his behalf, as sureties. No exception was made to the sureties by the bank. The defendant Burdic continued to collect and appropriate the rents of the apartment house, and an order was obtained from the district court requiring Burdic to show cause why he should not be adjudged guilty of contempt, for not turning over the income of such building to the receiver. Application was made to discharge such order. The court refused to grant this application, but upon the condition that a new undertaking on the appeal should be given, complying with the statute, and requiring the appellant to abide and satisfy the judgment or order of the appellate court, which was held to be necessary to constitute a sufficient supersedeas, since the first undertaking only required the appellant on defeat to abide such judg-

ment or order, the court indicated that it would relieve Burdic from the pending contempt proceedings. Burdic consented to file a new undertaking in lieu of the former one, and in furtherance of that purpose presented to the court a second undertaking on the appeal from the order appointing the receiver, which was in compliance in all respects with the statute.

It is this undertaking that was the subject of consideration by this court on the former appeal. The plaintiffs, at defendant's request, signed this undertaking as sureties, but the Bank of Owatonna excepted. Plaintiffs declined to act further in the matter or to justify, and requested defendant to have their names stricken from the undertaking. Thereupon defendant assured plaintiffs that if they would continue to remain as sureties on the undertaking, and would justify, he would guaranty that they would be protected from all liability. Relying upon this assurance, the plaintiffs appeared before the court and justified in the proper manner, and it was for defendant's failure to fulfil his promise of indemnity on this second undertaking that this court sustained the claim of the plaintiffs on the former appeal. Esch v. White, 76 Minn. 220, 78 N. W. 1114. The first undertaking was not considered therein.

Upon the acceptance of the second undertaking, which was ordered to stand "as the undertaking on said appeal in lieu and instead of said former undertaking," the district court discharged the order for contempt, and relieved Burdic therefrom. Burdic remained in possession of the property and continued to collect the rents. The appeal from the order appointing the receiver in the meantime proceeded to a hearing in this court, resulting in an affirmance thereof. Farmers Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5. In the meantime the foreclosure proceedings under the John Hancock Insurance Company mortgage passed to judgment. No redemption was made either by Burdic or the bank, and the right to the property became vested in the insurance company,—the prior mortgagee. Burdic had not, however, paid to or accounted for any part of the income of the building, and the receiver brought action against plaintiffs on the undertaking to

82 M.—30

recover the amount of the rents and profits so collected. Plaintiffs notified defendant of the commencement of such suit, and requested him to appear and defend in compliance with his promise of indemnity. He paid no attention to their request. Plaintiffs then employed counsel and defended such action against the bank in good faith, without collusion; but judgment was obtained against them for the amount of the rents held to be due to the receiver under his trust, to the extent of $2,000 and over.

Plaintiffs paid such judgment, and brought this action upon the alleged promise of defendant to hold them harmless; and it was the right of plaintiffs, on the promise made by defendant to recover the indemnity provided for therein, which was established on the former appeal. Esch v. White, supra. It is now the contention on this appeal: First, that there was no consideration for the agreement of defendant to indemnify plaintiffs for their justification as sureties; second, that the action by the receiver was not maintainable against the plaintiffs; third, that there is a defect of parties plaintiff, which is made a specific and distinct ground of defense.

1. It is urged, upon the contention of defendant that the first undertaking signed by plaintiffs on the appeal from the order appointing the receiver was valid and effectual for that purpose, that the holding of the court to the contrary was unsound, the second undertaking being in reality nothing more than a duplicate of the first, and added nothing new to the liability of the plaintiffs, for the reason that, so far as the plaintiffs are concerned, they were liable on the first undertaking as fully as on the second, and, this being so, the undertaking upon which this suit was brought is supported by no new consideration, since it added nothing to the responsibility of the plaintiffs to the obligation they had already incurred.

This contention is more subtle than sensible or just. It will not bear the application of sound legal principles, nor is it availing to relieve the defendant from the promise he made, which was the means by which his client was protected from punishment for contempt, and thereby enabled to retain the rents and profits of the apartment house. Otherwise, he would have had to pay

over the same to the receiver or go to jail. The order of the district court of Ramsey county requiring a new undertaking to be given as a condition to relieve Burdic from contempt was imperative and essential to protect him from the consequences of such order. Whether the judgment of the district court as to the sufficiency of the first undertaking was right or wrong, we need not now decide. The district court held that it was insufficient, perhaps under doubt as to whether it was good or bad. If so, it acted upon its discretion from a judicial purpose to obtain the best assurance possible that the income from the building would be secured to the receiver; but, whatever the reasons were for this requirement, they are not a subject of discussion on this appeal. It is sufficient that the court required the new undertaking for the reason that it was not satisfied with the first one, and this requirement, whatever it involved, is a determination upon the adequacy of the first undertaking, and must be so treated. No appeal having been taken or effort made to review this subject, its order in that respect is the law of the case, made by a court of competent and plenary jurisdiction.

If it were necessary further to sustain the wholesome doctrine laid down in the former appeal, that binds an attorney who solicits third parties to sign obligations for his client upon a promise of indemnity, we should have no difficulty in holding that, the court below having treated the first undertaking as insufficient, it must be so considered now. By the order of the district court discharging the contempt proceedings, the second undertaking was substituted in place of the first. The reason upon which the district court acted must be treated as sufficient, and the effect of the first undertaking, so far as any question of consequence or practical importance in behalf of defendant, is of no importance whatever.

2. It was further urged that, inasmuch as the Bank of Owatonna had failed to redeem, any claim for itself or by the receiver to the apartment house property was excluded by such failure. It is also urged that under the doctrine of Marshall & Ilsley Bank v. Cady, 75 Minn. 241, 77 N. W. 831, which holds that an appointment of a receiver does not inure to the benefit of the mortgagees, it

follows that the bank was not entitled to an account of the rents and profits collected by Burdic; in other words, that Burdic, being the owner of the property, was entitled to the rents and profits thereon during the year of redemption in which he appropriated the income thereof.

Conceding, without deciding, that the rents of the building during the year of redemption would belong to the owner, and that the right of the receiver to the rents terminated when the time expired to redeem the insurance company's mortgage; yet the receiver was entitled to an accounting from Burdic, and Burdic cannot now avoid the obligations which arise from such duty, or ignore the obligation of the receiver to account for his stewardship to the court. It is admitted that there has never been a final accounting by such receiver, and, whatever such accounting may show when it is made, it does not follow, as a matter of law, that the expenses of the receivership, or the costs incurred in the litigation against the plaintiffs by reason of the failure of defendant to keep his promise, will not be a charge on such fund; and the defendant cannot assume how much or how little such charge amounts to, or prevent payment of the necessary costs and expenses of the receivership.

This would be a sufficient answer to defendant's claim in this respect, but we think there is still a better one. The relation of the plaintiffs to the defendant by reason of the promise of indemnity is all that is before this court upon this appeal. The plaintiffs required such promise, defendant gave it, and, by reason of his failure to keep it, plaintiffs have been compelled to pay a large sum of money and attorney's fees. If the promise of indemnity was good, as we have held, defendant is estopped, upon every principle of justice and equity, from evading it; nor can he say that the collection and retention of the rents by Burdic would be justified or sustained by the court in an action in which all parties have not been heard, and such questions determined.

3. The thirteenth allegation of defendant's answer stated that plaintiffs were not the real parties in interest, but the true plaintiff therein is a third party, for whose benefit and interest, as defendant is informed and believes, the present action is being

prosecuted. This allegation of the answer was demurred to, and it seems to us that a word only is necessary to dispose of the question raised by such demurrer, since the allegation thus set forth merely pleaded a conclusion of law, pure and simple; hence the claim that the answer set forth a defect of parties was properly overruled, and we see no reason why this case should not be heard and determined upon its merits.

The order of the district court is affirmed.

On April 12, 1901, the court filed the following opinion:

LOVELY, J.

Upon an application for reargument, errors in the statement of facts in the opinion have been pointed out. In the protracted litigation which has led up to the present action several appeals were taken to this court, among them one from the order appointing the receiver in the bank suit, and another from a subsequent order refusing to discharge such receiver. Farmers Nat. Bank v. Backus, 67 Minn. 43, 69 N. W. 638. No reference was made in the record or argument on the present hearing to the latter order, and the court was misled by that fact, and erroneously stated that the two undertakings of the plaintiffs were given on the appeal from the order appointing the receiver, when they were in reality given on the appeal from the order refusing to discharge such receiver, not referred to in opinion, but cited above. It should be further stated that, after the appeal from the order appointing the receiver had been sustained in this court, the district court refused Burdic's application to have the receiver discharged. The plaintiff in that suit (the Farmers National Bank of Owatonna) procured an order from the court requiring Burdic to pay to the receiver the rents of the apartment house, and forbidding him to collect further rents. The rents not being paid over, the attorney of the bank obtained an order to show cause why the defendant Burdic should not be punished for contempt. Burdic opposed this order, and claimed, among other things, that he had taken an appeal, with a proper supersedeas undertaking, from the order refusing to discharge the receiver, and it appears from the answer that there was a conten-

tion before the court as to the sufficiency of the first undertaking. Burdic then obtained the undertaking upon which suit was brought against the plaintiffs here and upon which the plaintiffs justified.

It was this undertaking that was substituted by the court in place of the first one. Enough appears in the answer of the defendant to show that there was a controversy between the plaintiffs and defendant as to the legality of the second undertaking, that Burdic had it filed two days before the hearing, and the district court acted upon it in relieving Burdic from the order to punish for contempt. It is idle to claim that this second undertaking was not an inducement for the action of the district court. It was offered voluntarily by the defendant, who was Burdic's counsel, was presumably acted upon by the court in its order discharging the contempt proceedings, and, whether there was or not a valid previous undertaking, there clearly was a controversy on that question between the parties, hence the action of the court must be held to have decided that the last undertaking was essential to relieve defendant's client, and he cannot claim the benefit of what the second undertaking accomplished, and then say that it was of no consequence, and furnished no consideration for the promise of indemnity.

Upon this proposition the court does not recede from the result of the case as first announced, although with reference to other views expressed in the opinion they need not be considered as authoritative in the decision of this appeal. It is proper, also, to say that it was not admitted in the answer, but covered by the general denial clause therein, that defendant was notified by plaintiffs when they were sued on the substituted undertaking given to the bank. In construing the answer, defendant should not be held to be bound by such statement in the opinion; but the liability of the defendant does not depend upon such notice, for, if there was such an indemnity as is claimed and held in former appeal (64 Minn. 43, 66 N. W. 5), upon elementary grounds the liability of defendant depends upon the breach of the same, and he was bound to take notice of such breach, and its consequent results.

Application denied.