Wilde, J.
In the argument of this cause, at a former term, it will be recollected that two objections were made to the defendant’s plea.
1. That he is estopped, by his deed, to plead the several matters in his plea.
2. And if not, that the plea is insufficient.
As to the first objection, it may suffice to remark, that there is nothing in the plea necessarily repugnant to the * covenants and stipulations contained in the deed, and, therefore, the rules of estoppel do not apply. For this plea expressly admits the demise, the amount of rent reserved, the time of payment, and, indeed, all the material covenants. The paroi agreement pleaded, and the facts connected with it, have *31 relation only to the mode of payment; and this agreement is averred to have been made prior to the indenture. If the terms of it, therefore, did not altogether accord with the covenants in the deed, it would by no means follow that the defendant would be estopped to set it up; because there is nothing repugnant in the supposition that parties may, at different times, vary the forms of a contract. Thus a defendant may, in debt upon an obligation, plead accord and satisfaction or a release; nay, even accord without satisfaction; and although, in this last-mentioned case, the plea would be insufficient, yet the rules of estoppel would not be applicable, the plea admitting the deed, and the plaintiff having a right to take advantage of the defect on demurrer. We think it, therefore, extremely clear that, whatever may be the sufficiency or insufficiency of the plea in the case at bar, the defendant is not bound by any estoppel.
We are next to consider whether the plea be a sufficient bar; as to which, several points have been made.
1. Whether the facts pleaded amount to payment. It is averred in the plea, that the interest which had accrued on the loan of a sum of money from the defendant to the lessor, equal in amount to the rent demanded, has been retained and applied, by the agreement of the parties, to the payment of the rent; and this, not being traversed, must be considered as a sufficient averment of payment. If it were not thus retained and applied, the plaintiff should have traversed the fact.
It may be in point here to notice the case of Sturdy & Al. vs. Arnaud, cited in the argument, which seems a parallel case with the present. The plaintiffs were the assignees of a bankrupt, to whom the defendant had given a bond to * secure an annuity, and before payment had become due, the defendant loaned him a sum of money; whereupon it was agreed that the defendant should retain the payments of the annuity, as they became due, until the loan Should be repaid. The action being on the bond, for the payments which had accrued after the bankruptcy, it was held, that the agreement to retain was a good plea, such agreement and retainer being considered as equivalent to a plea of solvit ad diem.
2. The second point made is, that payment, without an acquittal or discharge by deed, is insufficient. This objection was thrown out in the course of the argument, but probably was not much considered. None of the cases cited go to support it, and clearly it cannot be maintained. It is true that a contract under seal cannot be annulled, except by deed, upon the principle that such contract can only be dissolved “ eo ligamine quo ligatur.” But this principle is not applicable to cases of payment, or of performance of *32 a covenant, or of accord and satisfaction, or of a tender; all of which are commonly proved by paroi evidence. Besides, the payment of rent does not operate as a dissolution of the contract; the lease still remains in full force as to future rents and other covenants.
3. The third and last objection to the sufficiency of the plea is, that payment of the rent to the lessor, after the assignment of the reversion, is no defence in an action by the assignee, although payment be made without notice of such assignment.
At common law, the assignment of a reversion, expectant on a term of years or for life, was incomplete without the attornment of the tenant. If he refused to attorn, he was not liable to the assignee for the rent. But this principle was found inconvenient, as the tenant might unreasonably refuse to attorn ; which was a great clog upon transfers. By the statute of 4 and 5 Anne, c. 16, assignments of reversions were made valid, without the attornment of the tenant; but provision was made that all' payment of * rents to the lessor made before notice to the tenant of the assignment, should be held good. Now, it is immaterial, as it respects the present objection, whether we adopt the doctrine of attornment, or the provision of the statute; but I have always understood that attornment was never considered necessary, under the provincial government, to complete the validity of an assignment. It was a doctrine of the old feudal law, and was not applicable to our tenures. But probably notice was required here, before the statute of Anne, as a substitute for attornment; or, if it were not so, as the provision of the statute is founded on a principle of universal equity, it must be supposed to have been adopted here, unless the contrary can be shown, which has not been attempted. On general principles, also, we should hold notice necessary in a case like the one at bar. For if the assignee of a reversion will lie by, and suffer the lessee to pay rent to the lessor as it falls due, he has no ground for complaint, although he may suffer by his neglect, (a)
It was said, and not controverted, in the argument, that the assignment to the plaintiff was by deed of mortgage. But as the form of the assignment does not appear by the pleadings, we can take no notice of that fact. Nor do we think it important; as we are satisfied, for the reasons already given, that the defendant’s plea in bar is sufficient.

Replication adjudged had.

 Fitzburg C M. Corp. vs. Melvin & Al. post, 268. — Keay vs. Goodwin, 15 Mass Rep. p. 1.