The opinion of the Court was afterward drawn up by
Parker C. J.
This case, if it must be determined for the plaintiff, would produce great injustice. There was certainly no expectation between the intestate and the defendant, that the defendant should pay rent for the land which he had agreed to purchase and had paid for. Indeed we do not see why the note, with the memorandum, is not a sufficient agreement whereby in equity to compel a conveyance. The interest of the money received by the intestate was just equivalent to the sum charged for rent; the intestate therefore received his rent in his lifetime. It is true he gave his promissory note for the money he received, payable on demand and on interest, but it is manifest this was to be a mere memorandum between the par *309 ties. On the note itself it appears that it might be discharged at any time, by the delivery of the deed which had been agreed for ; and though the note is negotiable in form, its negotiahility to the prejudice of the intestate was destroyed by the written memorandum on it, which, though signed by the intestate alone, was binding on the defendant, he having received it n that form, and every assignee would have notice of the sub-listing right to defeat the note.
Under these circumstances there is no implied promise to pay rent, arising from the use and occupation, and the cases in 3 T. R. 599, and 15 Mass. R. 18, warrant this conclusion.[1] We think therefore the verdict should be set aside, and a new trial granted at the bar of this Court.

 Where the defendant entered under a contract for the purchase of land, and occupied it for several years and then abandoned it to the plaintiff without performing his contract, it was held that assumpsit for use and occupation could not be maintained, though the defendant was the sole cause why the contract was not carried into effect. Vanderheuvel v. Storrs, 3 Connect. R. 303. See Chitty on Contracts, (4th Am. ed.) 295, note 1, 295 a. note 1.