## JOEL STONE et al. versus JAMES PATTERSON.

A *lessee who has paid rent in advance, is not liable for the same rent to a grantee of the land, subject to the lease, taking without notice of such payment.*
A *mortgagee who enters for condition broken and orders the tenant in possession to pay him the rent, is entitled thereto as against the mortgagor, whether the entry be or be not valid for the purpose of foreclosure.*

ASSUMPSIT for rent from April 1st, 1835, to January 1st, 1836. On a case stated it appeared, that one Knight, being the owner of the premises, subject to a mortgage to one French, executed a lease of the same to the defendant, on the 1st of April, 1835, for three years, at a certain rent *per annum*, payable quarterly ; that the defendant paid Knight a part of the rent in advance ; that in May 1835, Knight conveyed

the premises to the plaintiffs in fee, subject to the mortgage and lease, without notice of such payment of the rent in advance, and that the plaintiffs notified the defendant that he must pay the rent to them as it should become due ; that on the 20th of July, 1835, the mortgagee took possession of the premises for condition broken, but without notice to the plaintiffs, and ordered the defendant to pay the rent to him, and the defendant thereupon agreed to pay it to him from that time ; and that the sum paid in advance exceeded the rent accruing between the date of the lease and the time of the entry by the mortgagee.

*W. Smith,* for the plaintiffs, cited to the point, that the entry by the mortgagee was ineffectual, *Thayer* v. *Smith,* 17 Mass. R. 429 ; Stearns on Real Actions, 35 ; *Gibson* v *Crehore,* 5 Pick. 151.

*G. Parker,* for the defendant, cited as to the rent paid in advance, *St. 4 & 5 Ann. c.* 16 ; *Sturdy* v. *Arnaud,* 3 T. R. 599 ; *Farley* v. *Thompson,* 15 Mass. R. 18 ; and as to the entry by the mortgagee, *Fitchburg Manuf. Corp.* v. *Melven,* 15 Mass. R. 268 ; *Reed* v. *Davis,* 4 Pick. 216 ; *Smith r. Shepard,* 15 Pick. 147.

*Per Curiam.* The payment of rent in advance was a valid payment and a good discharge *pro tanto* from the claim of the lessor to whom payment was made, and is a good bar to the claim of the plaintiffs, his assignees. The case of *Farley* v. *Thompson,* 15 Mass. R. 18, is decisive on this part of the case. It has been argued that the assignees ought to have been notified ; and no doubt this would have been necessary, if the rule of law in respect to negotiable securities applied to the assignments of leases ; but these assignments are governed by the well known rule of *caveat emptor.*

In respect to the other portion of the rent claimed, it is quite clear that the defendant was bound to pay it to French, who entered under a mortgage made previously to the lease and ordered the rent to be paid to him. It is objected tha. this entry was not a good entry for condition broken, because no notice was given to the plaintiffs. But it is immaterial whether it was a good entry for the purpose of foreclosure or not ; for the entry was lawful, and the mortgagee thereby be-

Stone
*v.*
Patterson.

came possessed of the premises, and might have expelled the defendant if he had not agreed to pay rent to him. This was equivalent to an actual and complete ouster or eviction, as was decided in *Fitchburg Manuf. Corp.* v. *Melven,* 15 Mass. R. 268, and in *Smith* v. *Shepard,* 15 Pick. 147. Such an ouster or eviction by a person having a paramount title is a good defence to an action for rent by the lessor or those claiming under him.

*Plaintiffs nonsuit.*