JESSE G. JONES *vs.* J. R. RIGBY and others.

October 29, 1889.

**Foreclosure of Junior Mortgage — Possession Acquired by Senior Mortgagee during Year for Redemption.**—A senior mortgagee, acquiring possession by consent of the mortgagor after a foreclosure sale under a junior mortgage, but before the title and right of possession of the mortgagor have been extinguished by the expiration of the year for redemption, has the rights of a mortgagee in possession.

**Attornment by Tenant Unnecessary.**—The ancient common-law doctrine of attornment by tenants is not in force in this state.

**Evidence—Res Gestæ—Declarations.**—Declarations which constitute an essential part of a transaction in issue may be given in evidence.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action was tried by *Smith*, J., a jury being waived.

*Little & Nunn,* for appellant.

*Chas. J. Bartleson,* for respondents.

DICKINSON, J. This is an action of ejectment. The premises in question had been mortgaged to the defendant Norton. A junior mortgage had been executed to the plaintiff, and afterwards the land was conveyed to the defendant Cobb, subject to these mortgages, and he went into possession. The plaintiff's junior mortgage was foreclosed by advertisement, the foreclosure sale being to the plaintiff, February 4, 1888. On the 4th day of February, 1889, Cobb surrendered possession of the premises to Norton, the mortgage of the latter being then due and unpaid, and he has remained in possession by his tenant, the defendant Rigby. The court below, finding Norton to be in the position of a mortgagee in possession, held that he could not be dispossessed by the plaintiff claiming title under the junior mortgage, the mortgage of Norton being still unsatisfied. Judgment was therefore rendered for the defendants.

There was no error either in the finding of facts or in the legal conclusion therefrom. The fact that on the 4th of February, 1889,

Cobb's title was about to be divested by the expiration of the year within which he might redeem from the plaintiff's mortgage sale, did not prevent his surrender of possession to the senior mortgagee from being effectual to place the latter in the equitable position of a mortgagee in possession. As yet the plaintiff had neither the title nor the right of possession. Both still remained in Cobb, and he had the right and power to let the defendant into possession as mortgagee. When the plaintiff acquired his title, subject to the defendant's prior mortgage, the latter was rightfully in possession as mortgagee, and the plaintiff could not eject him while his mortgage remained unsatisfied, as the mortgagor himself could not have done if he had retained the title. The plaintiff took his mortgage, and acquired his title by its foreclosure, subject to the rights of Norton as senior mortgagee; and one of those rights was that of retaining a possession lawfully acquired under his mortgage until his mortgage should be discharged. The evidence was sufficient to sustain the finding that Morse, who assumed to receive possession in behalf of Norton, was authorized so to do, having the authority of a general agent.

The language employed by Cobb, in surrendering possession of the premises, then occupied by his tenant Rigby, was properly received in evidence. Such declarations, excepting some immaterial matter, constituted an essential part of the act of surrender.

The case clearly showed the relinquishment by Cobb to Norton of his rights as landlord, and the acceptance by Norton's agent, in his behalf, of the relation of landlord to the tenant in possession. It is contended that this was of no effect unless assented to by the tenant, and that the evidence did not show the assent of the tenant Rigby. This position of the appellant necessarily rests upon the assumption that the rule of the ancient common law as to attornment by the tenant is in force here. This rule, founded upon the policy of the feudal law, imposing upon the tenant obligations of service and fealty, was abolished in England by the statute of 4 Anne, *c.* 16, §§ 9, 10, (*Moss* v. *Gallimore*, 1 Doug. 279,) and has generally been regarded, as we think it should be, as unsuited to our condition, and as having never been a part of the law in this country. *Farley* v. *Thompson*, 15 Mass. 18, 26; *Burden* v. *Thayer*, 3 Met. 76; *Baldwin* v. *Walker*, 21 Conn.

168; *Pendergast* v. *Young*, 21 N. H. 234; *Tilford* v. *Fleming*, 64 Pa. St. 300; 1 Washb. Real Prop. (5th Ed.) 547. The consent of Rigby to the surrender to Norton was therefore unnecessary.

. Judgment affirmed.