LEVI LONGFELLOW v. WILLIAM A. FISHER and Others.[1]

August 12, 1897.

Nos. 10,555—(213).

**Mortgagee in Possession—Additional Security.**

Where a mortgagor surrenders possession of mortgaged premises to a mortgagee on account of a default in the conditions of the mortgage, the latter is given distinctly different and additional security for his debt.

**Same—Rights after Foreclosure—Subsequent Mortgagee.**

If the mortgagee forecloses his mortgage while thus in possession, and the property sells for less than the amount due, he is, as against a subsequent mortgagee, entitled to continue in possession during such part of the year of redemption as may be necessary to satisfy the unpaid balance of his debt.

Action against William A. Fisher and wife in the district court for Hennepin county to foreclose a second mortgage on certain real estate. In this action plaintiffs moved for the appointment of a receiver of the rents and profits of the mortgaged property. Mary J. Byers and Mary Smith Byers, who had foreclosed a first mortgage and who were in possession of the property, appeared in the proceedings for a receiver and opposed his appointment. The court appointed one Elwood as such receiver, and he proceeded to collect the rents for the unexpired time of redemption from the foreclosure of the first mortgage. Plaintiff moved that these rents be turned over to him, and from an order, Belden, J., denying this motion, he appealed. Affirmed.

*Fred W. Reed,* for appellant.

The fact that the Byers were made mortgagees in possession does not entitle them to these rents. A mortgagee in possession takes the rents and profits and proceeds of sales as agent or bailiff of the mortgagor. Morris v. Budlong, 78 N. Y. 543; Hubbell v. Moulson, 53 N. Y. 225. When a mortgagor puts a mortgagee in possession, the mortgagee then has his mortgage, and in addition the license given him by this new contract. Newton v. McKay, 30 Mich.

[1] Reported in 72 N. W. 118.

380; Robinson v. Russell, 24 Cal. 467; Nagle v. Macy, 9 Cal. 426; Dutton v. Warschauer, 21 Cal. 609; Johnson v. Sherman, 15 Cal. 287; Cargill v. Thompson, 57 Minn. 534; Rogers v. Benton, 39 Minn. 39. Any disposition that the mortgagor makes of the mortgaged premises subsequent to the mortgage is subject to this right of the mortgagee to have a receiver appointed and take the rents and profits, and any grantee or contractee would take his right of possession subject thereto. Pasco v. Gamble, 15 Fla. 562; Lofsky v. Manjer, 3 Sanf. Ch. 76; Finch v. Houghton, 19 Wis. 163; Hartley v. Meyer, 20 N. Y. Sup. 855; Mutual v. Spicer, 12 Hun, 117; Bank v. Roberts, 44 N. Y. 192.

*Roberts & Sweet*, for respondents.

The universal rule, supported by unnumbered cases, is as follows: A mortgagee lawfully in possession after default in the conditions of his mortgage cannot be ousted at the instance of the mortgagor, nor of any party whose lien is subsequent to his own, excepting upon payment of the indebtedness secured by his mortgage. 3 Pomeroy, Eq. Jur. §§ 1189, 1215; Jones, Mort. § 1517; High, Rec. § 654; Beach, Rec. §§ 80, 81, 550; Bolles v. Duff, 35 How. Pr. 481; Frink v. LeRoy, 49 Cal. 314–322; Madison v. Baptist Church, 73 N. Y. 82–95; Roberts v. Sutherlin, 4 Or. 219–223; Springer v. Lehman, 50 Ill. App. 139–143; Pingree, Mort. § 900; Fee v. Swingly, 6 Mont. 596; Cooke v. Cooper, 18 Or. 142; Brinkman v. Jones, 44 Wis. 498; Merritt v. Gibson, 129 Ind. 155; Trenton v. Woodruff, 3 N. J. Eq. 210; Dutton v. Warschauer, supra; Hubbell v. Moulson, 53 N. Y. 225; Cullen v. Minnesota, 60 Minn. 6; Jones v. Rigby, 41 Minn. 530; Lane v. Holmes, 55 Minn. 379.

COLLINS, J.

When respondents Byers foreclosed their first mortgage by action, and when the sale took place under the decree, they were in possession of the mortgaged premises, and had been for some time prior thereto. This possession had been surrendered up to them by the mortgagors on account of the default, and they (the respondents) leased the premises to the mortgagors' son. The premises were sold for a sum considerably less than was due upon the first mortgage, with taxes in arrears and money paid out for insurance,

all of which became a part of the debt secured in accordance with the conditions contained in the mortgage.

We thus have a case where at the time of the sale under foreclosure of the first mortgage, for less than is due upon such mortgage, the first mortgagee is in possession of the premises, through a tenant, possession having been surrendered up by the mortgagors, and insists upon his right, as against a second mortgagee, to collect and receive the rents and profits during the year of redemption. The appellant—plaintiff and second mortgagee—having, in proceedings to foreclose his mortgage alleging the insolvency of the mortgage debtors and the inadequacy of his security,—obtained the appointment of a receiver to collect the rents and profits; the moneys collected by him to be held subject to the further order of the court. The appeal is from an order denying appellant's motion for an order directing that the receiver turn the money over to him, and, upon findings of fact, ordering that such money be paid to respondents, first mortgagees; and the question is, who was or is entitled to the rents and profits pending the year of redemption?

The universal rule is that a mortgagee lawfully in possession after default in the conditions of his mortgage cannot be ousted at the instance of the mortgagor or of any subsequent incumbrancer excepting upon payment of the amount secured by the mortgage. When the sale occurred the first mortgagees were rightfully in possession, and the inquiry is, were the conditions changed by the fact of sale? Had the premises sold for the full amount of the debt, the claim of the first mortgagees would have been satisfied in full. It is now difficult to see why, under such circumstances, the second mortgagee could not, as against the first mortgagees, insist upon the rents and profits during the year of redemption being applied to the keeping up, or for the benefit of, his security. As between these mortgagees, the debt being paid in full by sale, equity might possibly compel the first mortgagees to apply the sums received from their tenants during the year of redemption in reduction of their debt. But we are not treating with such a condition of things. The sale was for $900 less than the amount due on the debt secured by the first mortgage. The amount collected by the receiver is less

than half that sum, and no redemption was made from the sale by plaintiff or any other person.

When a mortgagor surrenders possession of mortgaged premises to his mortgagee on account of a default in the conditions of the mortgage, the latter is given distinctly different and additional security for his debt. It is this additional security or right which enables the mortgagee to retain possession as against the mortgagor and all subsequent incumbrancers until he is paid in full. When his debt is partly paid, whether by foreclosure sale or otherwise, in what manner and upon what principle are the conditions changed, or his rights extinguished? If a mortgagee should hold collateral security in addition to his real-estate mortgage, a foreclosure of the latter, with a sale of the premises for less than the amount due, would not operate to release the collateral; nor would the mortgagor, or one claiming under him, think of asserting a right to possession of such collateral. The cases are analogous. The mortgagee in possession, when less than the amount due is realized at a sale upon foreclosure, is, as against a second mortgagee, entitled to hold possession during the year of redemption, if possession for that period be necessary to satisfy his claim. If redemption is made, the relations of the parties must necessarily change.

The views herein expressed in no way conflict with what has been said in a number of cases cited by counsel from our reports to the effect that a sale of the mortgaged premises exhausts the lien of the mortgage, for the reason—heretofore suggested—that possession is distinct and additional security for the entire debt. It originates in the new contract, and forms no part of the old.

There is nothing in appellant's claim that the findings and order appointing a receiver were an adjudication of the rights of the first mortgagees to the rents during the year of redemption, and, further, amounted to an adjudication that plaintiff, as a second mortgagee, was entitled to such rents. The application was to have a receiver appointed to collect the rents and apply them on plaintiff's debt. The court compelled the latter to cite in the respondents, whose interests were at stake, and, upon a hearing, made the order from which we have quoted. Obviously, what disposition was to be made of the moneys collected by the receiver was for

future consideration.   This was the construction placed upon the order by both parties when they entered into the stipulation of date January 14, 1896.

Order affirmed.