CHARLES N. ORR AND OTHERS v. RUSSELL M. BENNETT AND ANOTHER.[1]

January 26, 1917.

Nos. 20,099—(223).

**Mine and mineral — royalties under lease — mortgagor's rights after foreclosure sale.**

1. Under the statutes of Minnesota a mortgagor of land is entitled to the full usufruct of the mortgaged land until his rights therein are

[1]Reported in 161 N. W. 165.

barred by foreclosure of the mortgage and expiration of the period of redemption. This applies to rents and royalties accruing under a mining lease. This right he cannot, by stipulation in the mortgage or contemporaneous with it, contract away. Nor can the act of the sheriff in making a sale of rents and profits on foreclosure by advertisement detract anything from the rights of the mortgagor.

**Judgment not res judicata.**

2. A judgment for plaintiffs, in an action by creditors who have redeemed from a mortgage foreclosure sale, quieting title to the land and to a mining lease thereof, determining their redemption valid and determining a later attempted redemption invalid, is not an adjudication of their right to recover rents or royalties that accrued during the year allowed for redemption after foreclosure sale.

**New trial — amount of judgment not sustained by finding.**

3. The court gave judgment to the mortgagor for rents or royalties for substantially the whole of the year of redemption. The findings of the court on the facts are construed to mean that one quarterly instalment was paid to the mortgagor. On such findings judgment for the full amount cannot be sustained. A new trial is granted on the question of amount of recovery.

Action in the district court for Ramsey county to recover $61,250 as rent accrued on and after October 20, 1910, under a mining lease to defendants upon land the title to an undivided interest in which had been adjudged to be in plaintiffs. The joint answer of defendants Bennett and Longyear alleged that, pursuant to an assignment by William Sauntry, they had paid $2,500 to the First National Bank of Stillwater, that Robert W. Hunt and others also claimed the remaining rent, and prayed that the other claimants be substituted as parties defendant to the action in place of themselves and they be permitted to pay into court the sum of $58,750, and that the court compel the substituted defendants to interplead. The substituted defendants answered the complaint and the case was tried before Kelly, J., who made findings and ordered judgment in favor of the administrator of William Sauntry, deceased, against the bank acting as a depositary for $7,750, and against plaintiffs for $1,972.22. From an order denying their motion for a new trial, plaintiffs appealed. Reversed and new trial

granted on the question of amount to which the administrator was entitled.

*William G. White,* for appellants.

*Manwaring & Sullivan* and *P. J. McLaughlin,* for respondents.

HALLAM, J.

In 1907 William Sauntry owned an undivided half of 40 acres of land in St. Louis county. On December 31, 1907, Sauntry and his cotenant gave to defendants Bennett and Longyear a 50-year mining lease of said land, by the terms of which Bennett and Longyear agreed to pay for the first four years a minimum rental or royalty of $20,000 per year, payable quarterly.

On October 1, 1908, Sauntry and wife gave a mortgage covering his half interest in the land, and in the mortgage there was inserted a clause that the mortgagors "sell, assign, transfer, set over and convey" the "mining lease" and all of their right, title and interest therein, "including all rights, rents or royalties thereunder" after January 20, 1909. This mortgage was foreclosed by advertisement, and the lands sold September 20, 1910. The certificate of sale, as far as concerns the lease and rents and royalties, follows the language of the mortgage.

On October 5, 1911, plaintiffs Orr, Stark and Collett, as judgment creditors of Sauntry, redeemed from said mortgage foreclosure sale and became vested with the title to the land described. A season of litigation followed. During part of the year of redemption, and during the ensuing litigation, the lessees did not pay the rents or royalties provided by the mining lease. Plaintiffs brought this suit against them to recover the amount accrued during the year of redemption and since that time. Thereupon the other defendants, as rival claimants of said fund, were impleaded, and the lessee defendants deposited the whole amount due with the Security National Bank of Minneapolis, a depositary designated by the court. The right of plaintiffs to the rents and royalties accruing after the time for redemption expired was unquestioned, and by stipulation of the parties the amount deposited, except $7,750, was paid over to plaintiffs, and it was stipulated that, if the defendants or any of them are entitled to recover a greater sum than $7,750, judgment may go against plaintiffs for the excess. Sauntry is now deceased and the ad-

ministrator of his estate claims the right to recover the rents or royalties accruing during the period of redemption. The trial court found that he was entitled to do so and plaintiffs appealed.

1. The statute provides that a mortgagee of land is not entitled to possession without foreclosure. G. S. 1913, § 8077. This means that the mortgagor has the right of possession and the right to the rents and profits of the land incident to possession during the statutory year allowed for redemption and until the foreclosure is complete; and any stipulation in the mortgage, or contemporaneous with it, pledging the rents and profits of the mortgaged land to the payment of the mortgage debt contravenes the policy of this statute and is void. Cullen v. Minnesota Loan & Trust Co. 60 Minn. 6, 61 N. W. 818; Wolford v. Cook, 71 Minn. 77, 73 N. W. 706, 70 Am. St. 315. Nor could the act of the sheriff in making a sale of rents and profits without warrant therefor detract anything from the rights of the mortgagor. Hillebert v. Porter, 28 Minn. 496, 11 N. W. 84.

Plaintiffs concede this to be the rule as to rents and profits of land in general, but contend a different rule should apply to rents or royalties due under a mining lease, because under a mining lease the lessee takes only a qualified possession, leaving the lessor in possession of the surface, save as it must be disturbed for mining purposes, so that the lessee may operate, and one other than the morgagor might collect the rents without much disturbance to the possession of the mortgagor. Howell v. Cuyuna North. Ry. Co. 127 Minn. 480, 149 N. W. 942. We cannot recognize any such distinction. The statute is not to be narrowly construed to the prejudice of the mortgagor. It does not contemplate any division with the mortgagee of his right of possession. It gives to him the full usufruct of the mortgaged land until his rights therein are completely barred by foreclosure of the mortgage and expiration of the period of redemption.

2. Plaintiffs claim that it has been determined in a former action between these parties that plaintiffs were entitled to the rents and royalties accruing during the year of redemption. The former action was brought by plaintiffs and was in substance an action to quiet their title to this land, to determine that their redemption was valid and that an attempted later redemption was void. Naturally the action was brought

after the year for redemption had expired. The rents or royalties accruing during the year of redemption were all then past due. They had passed into a chose in action, a personal demand for money due, and the right to receive them was no longer an incident to ownership of the land. 24 Cyc. 1173; Jolly v. Bryan, 86 N. C. 457; Barber v. Watch Hill Fire Dist. 36 R. I. 236, 89 Atl. 1056, L.R.A. 1915C, 245, Ann. Cas. 1916D, 191; Dobbs v. Atlas Ele. Co. 25 S. D. 177, 126 N. W. 250. More than three years after the last instalment so accrued, judgment was entered in the action adjudging plaintiffs to be the owners of said land subject to the terms and conditions of said mining lease, adjudging that the defendant Sauntry and others had no title to said land or said lease, and enjoining them from thereafter asserting title as against plaintiffs to the land or the lease.

Mention of the lease in the judgment was not of importance. The benefits accruing and obligations arising under the lease run with the land, and an adjudication of title to the land adjudged the rights accruing under the lease as well. Boeing v. Owsley, 122 Minn. 190, 205, 142 N. W. 129.

Question is raised as to the validity of this judgment because it contains some amendments which were incorporated, as the record on its face shows, upon the stipulation of parties other than Sauntry.

We do not find it necessary to examine this contention, for it is very plain that there are no words in the judgment which lend any color to the claim that it adjudicated upon the right of plaintiffs to the money which had become due from Bennett and Longyear to Sauntry under this lease before the expiration of the right of redemption from the mortgage sale. On its face the judgment settled the rights of the parties only as of the time of its entry. Taken in connection with the whole record in the case, it doubtless established the right of plaintiffs from the time of the accrual of their title, namely, the conclusion of the redemption period. Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088. Sauntry, in that action, disavowed any claim of title to the land or any interest in it. But he did not allege that he never had owned it. On no theory can it be said that the judgment entered adjudicated upon the right of Sauntry to money demands which accrued to him under the mining lease prior to the completion of the foreclosure and prior to

the inception of plaintiffs' title. Nothing of that sort was involved in that action. Nothing of the sort was mentioned in the pleadings, or in the decision, or in the judgment, or anywhere in the record.

3. The only other question in this case is as to the amount of defendant administrator's recovery. The trial court found that the lessees had paid rent to Sauntry for the period ending September 30, 1910, but had paid no portion of the rent accruing after that time. Upon this finding the court gave judgment in favor of the administrator for $9,722.22, the amount accruing from September 30, 1910, to September 20, 1911, the date of expiration of the year of redemption. The finding sustained the judgment. After the entry of the judgment, and after the perfection of the appeal and the return to this court, however, the parties entered into a stipulation that the finding mentioned be amended so as to read as follows: "The lessees paid said rentals for the period ending September 30th, 1910, but have paid no portion of the rents or royalties accruing  *  *  *  after September 30th, 1910, except that on October 20th, 1910, the lessees paid  *  *  *  the instalment of Twenty-five Hundred ($2,500) Dollars on said mining lease which matured and became payable on that date;" and. the court made amended findings accordingly. The court, in its original decision, found that the rents or royalties under the lease were "payable in equal quarter yearly instalments in advance." This finding still stands. Taking this finding and the amended finding together, it would seem that the court intended to decide that the payment of $2,500 made October 20, 1910, was for the three months after September 30, 1910. Yet the conclusions of law were not amended, and the original judgment still stands. We are not sure that the trial court correctly construed the lease when it found that the rental or royalty was payable quarterly in advance. In view of two conflicting provisions of the lease, that question is not clear. The lease is not the same as those construed in State v. Royal Mineral Assn. 132 Minn. 232, 156 N. W. 128. We are not sure from examination of this record that the rental or royalty was in fact paid quarterly in advance. But this seems a proper deduction from the findings as they now stand, and we cannot on these findings sustain a recovery for the full amount of the judgment. If this is the fact, the necessary result is that the administrator's recovery should be reduced by $2,500. The matter is,

however, open to such doubt that we refrain from ordering judgment on this theory, and remand the case for a new trial upon the question only of the amount of the recovery.

For purposes of such new trial we may say that it is not important in this case whether the lease provides for payment of rent or royalties quarterly in advance or at the end of quarterly periods. No controversy between owner and lessee is presented. The important question here is, not how the court might think Bennett and Longyear should have paid their rent, but how they in fact did pay it. Whether they paid their rent to Sauntry down to September 30, or December 31, 1910, is a matter doubtless easy of ascertainment as a fact, without resort to deduction or theory. On another trial it may be so determined.

Judgment reversed and new trial granted on issue of amount of defendant administrator's recovery.