ALEX J. SCHMIT AND ANOTHER v. JOHN DIXON AND ANOTHER.[1]

July 7, 1933.

No. 29,576.

[1]Reported in 249 N. W. 580.

*Nicholas Doll* and *Arthur L. Jones,* for appellant.
*John G. Priebe,* for respondents.

*WILSON, Chief Justice.*

Defendant Robert Dixon appealed from a judgment for restitution in an action in forcible entry and detainer.

John Doyle owned a 120-acre farm with buildings thereon. Appellant held two mortgages on the farm aggregating over $9,000, a part of which was five years past due. Interest was unpaid, the farm was sold for taxes, and Doyle's chattels were mortgaged to another.

About March 16, 1933, Doyle entered into a written agreement leasing the farm to plaintiffs. He had then ceased to live on the farm, but his chattels were still there. They were removed about March 20. Plaintiffs bought some of Doyle's personal property. They as such tenants sought to enter the buildings for occupancy on March 25, 1933. Defendant John Dixon and another, both employed by appellant, had theretofore gone into the house, and they withheld possession from plaintiffs. Appellant claimed in his answer that Doyle had turned the farm over to him as the mortgagee, that he was then foreclosing the mortgage, and that the premises were not worth the amount of the mortgage indebtedness. Appellant's employes went into possession in reliance upon Doyle's talk to appellant hereinafter mentioned.

In the trial of the case appellant testified that in January, 1931, Doyle said to him: "You can take the place." One Phillips, who was present, testified that Doyle said to appellant: "I can't raise nothing, here is the place; that is all I can do."

The findings of the trial court were apparently hastily made. They are unsatisfactory. We think, however, that the court found as a fact that Doyle in substance said to appellant: "Here's the farm. You can have it." There is no dispute but that appellant took possession because of what Doyle said to him.

Our conclusion is that appellant was a mortgagee in possession, he having entered with the assent of the mortgagor. The mortgagor

was in default, and by such possession appellant had additional security. Longfellow v. Fisher, 69 Minn. 307, 72 N. W. 118; Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638; Rogers v. Benton, 39 Minn. 39, 38 N. W. 765, 12 A. S. R. 613; 41 C. J. p. 612, § 580. Being lawfully in possession, the mortgagee is entitled to hold such possession as against the mortgagor and those claiming under him until he has received full satisfaction of his mortgage debt.

Reversed.

