INDUSTRIAL TRUST COMPANY, a corporation of the State of Delaware, *v.* AMERICAN STORES COMPANY, a corporation of the State of Delaware.

*(January* 17, 1938.)

RODNEY and SPEAKMAN, J. J., sitting.

*John B. Jester* for plaintiff.

*Charles L. Terry, Jr.,* for defendant.

Superior Court for New Castle County, No. 111, January Term, 1936.

SPEAKMAN, J., delivering the opinion of the Court:

The only question to be here considered is whether, where there has been a transfer of a reversion subject to a lease under seal, and an assignment of the lease to the transferee of the reversion, with notice to the tenant of such transfer and assignment, the payment of a sum of money to the transferor prior to the transfer, to be applied in payment of rent, before such rent becomes due, would be sufficient as a defense in an action on the lease by the person then holding the lease as assignee of the transferee, to recover the amount of such rent after it has become past due.

At the English common law, a transfer of the reversion did not invest the transferee with the legal title to the rents. This was changed by an *Act of Parliament* in 38 *Henry VIII*. Even after the passage of that act and prior to the Statute of 4 & 5 *Anne, c.* 16, *s.* 9, 10, an attornment by the tenant was necessary to enable the transferee of the reversion to maintain an action, because by such transfer there was no privity of contract between the transferee of the

reversion and the tenant. See *Williams v. Hayward,* 1 *Ellis & Ellis,* 1040, reviewing the old decisions.

By the *Statutes of Anne* it was enacted

"That all grants and conveyances of any manors or rents, or of the reversion or remainder of any messuages or lands, should be good, without attornment of the tenants; provided that no such tenant should be damaged by payment of rent to any such grantor or conusor, or by breach of any condition for non-payment of rent before notice given him of such grant by the conusee or grantee."

In the leading English case of *DeNicholls v. Saunders, L. R.* 5 *C. P.* 589, the question as stated by the Court was

"Whether, where there has been an assignment of the reversion, payment of rent to the assignor before rent-day takes away the rights of the assignee to the rent so completely, that if he should give notice before rent day of the assignment the payment would still be good."

*Willis, J.,* in referring to the *Statute* 4 *Anne, c.* 16, *s.* 10, said:

"That statute did away with the necessity for attornment, but protected the tenant in cases where he had paid the rent due from him before notice of the assignment; this provision of the statute, however, clearly applies to the fulfilment of an obligation to pay rent imposed by the lease. There has been no such payment here, for payment of rent before it is due is not a fulfilment of the obligation imposed by the covenant to pay rent, but is, in fact, an advance to the landlord, with an agreement that on the day when the rent becomes due such advance shall be treated as a fulfilment of the obligation to pay the rent."

The case of *DeNicholls v. Saunders, supra,* was approved and followed in *Cook v. Guerra,* (1872) *L. R.* 7 *C. P.* 132, *Lord Ashburton v. Nocton,* (1914) *L. R.* 1 *Ch.* 274, and *Smallman Ltd. v. Castle,* (1932) *Ir. Rep.* 294.

On February 11, 1829, the Legislature of this State passed an act which, in substance, is the same as the *Statute* of 4 & 5 *Anne, c.* 16, *s.* 9, 19 (being *Section* 4994, *Revised Code* 1935), by which it is provided that

"Grants of rent, of reversions, and remainders, shall be good and effectual without attornment of the tenants; but if a tenant, without notice of a grant and in good faith pay to the grantor rent

in arrear, he shall have the benefit of such payment by way of discharge from the rent."

A distinction between our Statute and the *Statute* of *Anne, supra,* is that, by our Statute the tenant is protected where he has, without notice, made a payment of rent "in arrear," and these words do not appear in the *English Act.* The purpose and effect of the quoted words, we think, was to make more certain the apparent intent of the *English Act* as construed by the cited cases.

The defendant has cited and relies on the following cases: *Stone v. Patterson,* 19 *Pick.* (*Mass.*) 476, 31 *Am. Dec.* 156; *Farley v. Thompson,* 15 *Mass.* 18, 19; *Stone v. Knight,* 23 *Pick.* (*Mass.*) 95; *David Bradley & Co. v. Peabody Coal Co.,* 99 *Ill. App.* 427; *Bouker v. Spicer,* (*Mich.*) 6 *N. W.* 117; *Hovey v. Walker,* 90 *Mich.* 527, 51 *N. W.* 678; *American Exchange Nat. Bank v. Smith,* 61 *Misc.* 49, 113 *N. Y. S.* 236; *Baker v. Burton,* 3 *Houst.* 10.

The case of *Stone v. Patterson, supra,* has frequently been cited as holding a view contrary to the British cases. There it was held that a prepayment of rent was good even if made after notice of an assignment of the reversion. For this there is given neither reasoning nor applicable authority. It purports to follow *Farley v. Thompson, supra,* and states that that case is decisive of the question. However, in *Farley v. Thompson* there was no notice of the assignment of the reversion given to the tenant prior to the accrual of the rents which had been prepaid, and for that reason the Court said that such prepayments should be held good.

The only other case relied on by the defendant in which the facts were at all similar to the facts in the case at Bar is *David Bradley & Co. v. Peabody Coal Co., supra,* in which the Court held that, if before the grant or assignment, the rent had been paid, whether in advance or otherwise, the lessor could not collect it a second time by suit, and no

more could his grantee of the reversion or his assignee of the lease. This holding was solely in accordance with the *Illinois Statute, Section* 14, *c.* 80, *Smith-Hurd Ill. Stats.* This conclusively appears by reference to *Fisher v. Deering,* 60 *Ill.* 114, which was cited by the Court in its opinion and in which it was said

"But this latter act [referring to 4 & 5 *Anne, c.* 16, *s.* 9] has never been in force in this State, and hence the decisions of the British courts, made under it, are not applicable. In many States of the Union this latter act has been adopted, and the decisions of their courts conform, of course, to its provisions."

It is so clearly apparent that each of the other cases relied on by the defendant differs in some essential respect from the instant case that comment seems unnecessary. In the case of *Baker v. Burton,* 3 *Houst.* 10, the premises in question were subject to the lien of a judgment which antedated the lease, and therefore the rights acquired by the purchaser at the sale under the execution to satisfy the judgment were superior to the provisions of the lease and consequently the *Act of* 1829 (*Section 4994, Revised Code* 1935) had no application in determining the rights and liabilities of the purchaser and lessee. Such rights and liabilities were fixed by the provisions of *Section* 28 of *Chapter* 111 of the *Revised Code of* 1852, *Section 4824, Revised Code of* 1935.

The reasoning of the Court in the case of *DeNicholls v. Saunders, supra,* is clear and convincing and we have no hesitation in reaching the same conclusion as therein announced.

Under the law and the facts as established by the evidence we find for the plaintiff and assess its damages at the sum of Six Hundred Dollars, besides costs. An appropriate order will be made for the entry of judgment in accordance with this finding.