WALTER T. LEMON v. JEROME DWORSKY AND OTHERS.[1]

April 10, 1941.

No. 32,708.

*Edgerton, Green & Edgerton,* for appellant.

*Brill & Maslon* and *Maurice L. Grossman,* for respondents.

GALLAGHER, CHIEF JUSTICE.

On May 1, 1937, Fannie Fleisher and Louis Fleisher, then the owners of an apartment building in the city of Minneapolis subject to a mortgage previously given to the Minnesota Federal Savings & Loan Association to secure the payment of $24,000 with interest, executed and delivered a second mortgage on this property to defendants as security for the payment with interest of two notes, one for $4,000 and the other for $633.41. The second

[1]Reported in 297 N. W. 329.

mortgage provided, among other things, that defendants should enter into possession of the mortgaged premises, collect the rent therefrom, and apply the sums collected to the payment, in the order named, of operating expenses, taxes and assessments, principal and/or interest on prior encumbrances, and interest and principal on the notes payable to defendants. Immediately after the execution and delivery of the mortgage defendants took possession of the building; rentals thereafter payable were collected by them; monthly reports of the receipts and expenses were, until December 1, 1937, given to and approved by the Fleishers.

Certain other property owned by Harry and Frances Vermes had been also mortgaged to secure the debt owed by the Fleishers to defendants, and on or about the date last mentioned these persons entered into an agreement which released the Vermes property but provided that "nothing herein contained shall relieve the party of the second part [the Dworskys] from fully accounting for all receipts and disbursements and the application of the net proceeds thereof to the indebtedness all as provided in the said agreement of May 1, 1937, and the mortgages given pursuant thereto."

By quitclaim deed executed and delivered on December 7, 1937, the Fleishers conveyed the property here involved to plaintiff, who on the same day was informed of the fact that defendants were in possession of the property under the terms of the mortgage and had been collecting the income therefrom as mortgagees in possession. By letter dated December 15, 1937, plaintiff informed defendants that he was the owner of the premises and requested defendants thereafter to report receipts and disbursements in connection with the property to him.

On February 9, 1938, plaintiff instituted this action for an accounting by defendants of the rentals collected since May 29, 1937; an order restraining defendants from appropriating the rentals to their own use and withholding possession of the premises from plaintiff; and the appointment of a receiver to take possession of the premises and collect and disburse the rentals. Is-

sues were joined by answer and reply; a motion by plaintiff for a temporary injunction and the appointment of a receiver was denied. The main action came on for trial in the district court of Hennepin county and was submitted to the trial court upon a stipulation of facts, the substance of which has been set out above.

The trial court made findings of fact and conclusions of law that as of the time of the stipulation defendants had correctly accounted for all funds collected; that expenditures by defendants of $4,602.68 for fixed charges and expenses of operation had been properly made; that the sum of $2,568.32 remained in the hands of defendants; and that they were entitled to apply that amount as a payment on the principal and interest of their notes.

Plaintiff's motion for amended findings and conclusions of law having been denied, except in particulars not now controlling, judgment for defendants was entered, and from this judgment plaintiff appeals.

■ The fundamental question in dispute is whether the trial court erred in concluding that defendants were entitled to the funds remaining in their hands after payment of expenses which (apart from a disbursement of $150 for attorney's fees) are conceded to have been properly made.

Plaintiff reasons that defendants' right to the fund must be premised on the agreement contained in their mortgage and argues that by virtue of 2 Mason Minn. St. 1927, § 9572, which reads, "a mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure," the provisions of the mortgage granting defendants the right to collect the rents and apply part thereof to the payment of the interest and principal of the notes secured by the mortgage were invalid, and in support of this contention Cullen v. Foot, Schultz & Co. 60 Minn. 6, 61 N. W. 818, is cited. In that case a power of attorney executed contemporaneously with a mortgage given to secure certain bonds authorized the mortgagee, in the event of default, to collect rents from the mortgaged property and apply the fund obtained to the

payment of sums due under the terms of the bonds and mortgage. Thereafter part of the mortgaged premises was conveyed to Cullen, who leased his interest to defendant Foot, Schultz company. Payments on the bonds being past due, the mortgagee demanded that the Foot, Schultz company pay rent to it and not to Cullen. The company refused to pay either, and an action for the rent was instituted by Cullen against the Foot, Schultz company to which the mortgagee became a party. Upon appeal by the mortgagee after judgment in plaintiff's favor, it was held that as against the mortgagor and those deriving their rights from him, the mortgagee could not enforce the terms of the power of attorney providing for the application of rentals to the mortgage debt. Referring to the statute above quoted, the court said (60 Minn. 10, 61 N. W. 819):

"Unquestionably it was always competent for the debtor, by the use of apt words in his contract, to create a mere lien on his land to secure the payment of the debt, without conveying the legal title to the creditor or giving him the right to possession; but, before the passage of this statute, he could by the use of other apt words, having that meaning, convey the legal title and give the creditor the right to possession before foreclosure, as security for his debt. The statute was passed to prevent him from doing this, and, so far as his contract contravenes the policy of this statute, it cannot be enforced."

Decisions in accord include Orr v. Bennett, 135 Minn. 443, 161 N. W. 165, 4 A. L. R. 1396; Fidelity-Philadelphia Trust Co. v. West, 178 Minn. 150, 226 N. W. 406; Mutual Benefit L. Ins. Co. v. Canby Inv. Co. 190 Minn. 144, 251 N. W. 129.

Defendants concede that had the provisions of the mortgage entitling them to apply rents and profits from the mortgaged premises to the payment of their notes remained executory, they could not prevail in proceedings instituted to enforce the agreement. They contend, however, that, having obtained possession of the mortgaged property with the consent of the mortgagor, they were

mortgagees in possession and therefore had the right to apply any excess of rents collected over fixed charges and operating expenses to the payment of their notes.

The doctrine of mortgagee in possession, derived from the common-law conception of a mortgage as a conveyance transferring the right to possession from the grantor to the grantee, has been adopted in this state notwithstanding the fact that under our law a mortgage creates merely a lien enforceable by foreclosure. Rogers v. Benton, 39 Minn. 39, 38 N. W. 765, 12 A. S. R. 613; Jones v. Rigby, 41 Minn. 530, 43 N. W. 390; Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638; Schmit v. Dixon, 189 Minn. 420, 249 N. W. 580; Seifert v. Mutual Benefit L. Ins. Co. 203 Minn. 415, 281 N. W. 770.

A mortgagee. in possession is entitled to rents and profits and cannot be dispossessed by the mortgagor or persons in privity with him until his mortgage is satisfied. Cargill v. Thompson, 57 Minn. 534, 543, 59 N. W. 638. See 35 Columbia L. Rev. 1248; Trimm v. Marsh, 54 N. Y. 599, 13 Am. R. 623.

In support of the theory that a mortgagee entering into possession of the mortgaged premises pursuant to the terms of an agreement executed at the same time as the mortgage is a mortgagee in possession, defendants rely chiefly on Anderson v. Minnesota L. & T. Co. 68 Minn. 491, 71 N. W. 665, 819. The facts essential to an understanding of that decision are these: Certain property encumbered by a mortgage was, in form, conveyed to one Backus and another by deed which was, in fact, a mortgage, and the grantees were permitted to take possession. Later the grantees reconveyed to one of the grantors, who then mortgaged to Backus. In accord with an agreement contemporaneously executed, Backus was to remain in possession until the debt on account of which the mortgage was given was reduced to a specified amount by application thereto of sums collected in excess of specified charges on the property and operating expenses. Subsequently Backus permitted the first mortgagee to take possession of the property; but, since this agreement was held not to affect the relation be-

tween Backus and the mortgagor, it is unimportant here except that the mortgagor, by consenting thereto, confirmed Backus's right to possession. A dispute thereafter arose between assignees of Backus and the mortgagor over the disposition of a sum of money remaining from the rents collected during the life of the mortgage after the payment of charges on the property and operating expenses, and it was held that the assignee of Backus was entitled to this fund.

We believe the Anderson case to be controlling here. There, as here, the agreement providing for possession by the mortgagee was part of the transaction resulting in the mortgage, and in each case possession was taken pursuant to the agreement. The consent of the mortgagor to a subsequent agreement between Backus and the first mortgagee, insofar as the court in the Anderson case might have found it to be a ratification of the taking of possession, has here a parallel in the agreement signed by defendants and Fleishers releasing the Vermes property and specifically referring to the fact that defendants were in possession collecting the rents and profits. The distinction which makes the Anderson rather than the Cullen case controlling can best be made by referring to the words of this court in a supplemental opinion denying a petition for reargument in the Anderson case (68 Minn. 498, 71 N. W. 819):

"The principal ground upon which plaintiff asks for a reargument is that in holding that Backus was entitled, as mortgagee in possession, to the rents and profits of the mortgaged premises, our decision is in conflict with Cullen v. Minnesota [Foot, Schultz & Co.] 60 Minn. 6, 61 N. W. 818. In that case, the mortgagee, who had never been in possession, was asserting his right to collect the rents, and apply them upon the mortgage debt, under a provision to that effect, still wholly executory, contained in the mortgage. In the present case the mortgagee, with the consent and authority of the mortgagors, subsequently reaffirmed and ratified for a valuable consideration, entered and remained in posses-

sion for the purpose of collecting the rents, and applying them on his mortgage. The distinction between holding that an executory agreement is nonenforceable, because in contravention of the policy of the statute, and holding that [a] party is entitled to retain what he has already received under an agreement which has been fully executed, with the consent of the mortgagors, is what differentiates the case cited from the present one."

Plaintiff also argues that, whatever the rights of defendants as against the Fleishers, he, not having been a party to the original mortgage and having instituted the present action shortly after he became the owner of the property, is entitled to the rents and profits, less expenses properly paid, for the period subsequent to the time when he acquired title to the real estate. This argument is also answered by the Anderson case, for the plaintiff there was an assignee of the mortgagor and was for that reason regarded as being in the same position as his assignor. And in 41 C. J. p. 714, § 751, it is said:

"The purchaser of mortgaged premises will be entitled, as against the mortgagee, to recover or retain the possession only in case his vendor would have been so entitled."

See also Schmit v. Dixon, 189 Minn. 420, 249 N. W. 580; Seifert v. Mutual Benefit L. Ins. Co. 203 Minn. 415, 281 N. W. 770.

We conclude that the trial court did not err in finding that defendants were entitled to apply the rents and profits remaining in their hands as a payment on their notes.

■ Of the expenditures made by defendants, the propriety of only one disbursement is questioned by plaintiff's assignments of error—that is, $150 expended for attorneys' fees. The stipulation of facts does not contain any specific information as to the legal services which were rendered. The record being incomplete and this assignment of error not having been urged by plaintiff in his brief, we deem it waived. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 366.

The judgment of the trial court is affirmed.