ANDREW C. HAUGAN *vs.* ANDREW O. NETLAND *et al.*

Argued Nov. 9, 1892. Decided Dec. 16, 1892.

**Notice of Motion for Receiver.**

In exceptional cases, proper for the appointment of receivers in mortgage foreclosure actions to collect and apply the rents,—as, where the mortgagor is a nonresident, or cannot be found,—the court may, in its discretion, proceed to hear the application without notice, leaving parties to move to set aside or modify the order if they shall subsequently appear. Hence it is not reversible error if the court proceed to hear such an application on less than eight days' notice served on a nonresident mortgagor outside the state. And where, in such case, he appeared spe-

cially by counsel, and objected to the hearing, and the court overruled the objection, but gave him a reasonable time to prepare to oppose the motion, and he subsequently appeared and resisted the application, *held* not to be error.

**Receiver in Action to Foreclose a Mortgage.**

The court may, in the exercise of a sound discretion, appoint a receiver pending an action to foreclose a mortgage, where the premises are subject to a prior mortgage made by a party who is insolvent, and the premises are insufficient security for both mortgages, and the owner, being in possession of the premises, refuses to keep down the interest on such first mortgage.

Appeal by Mons Anderson, one of the defendants, from an order of the District Court of Hennepin County, *Hooker*, J., made April 9, 1892, appointing John H. Field receiver of the rents and profits of the mortgaged premises pending foreclosure.

The plaintiff, Andrew C. Haugan, begun this action March 29, 1892, to foreclose a mortgage for $8,500 and interest at six per cent. a year, given him by defendant Andrew O. Netland, January 1, 1891, upon a lot forty-four feet front on Washington avenue, Minneapolis. There was on the lot a brick building two stories high, which rented for $80 per month. The value of the property did not exceed $17,-000. There was a prior mortgage on it given to the Minnesota Loan and Trust Company for $9,000 and interest at six per cent. a year, payable semiannually. Netland was insolvent. He conveyed the property to Mons Anderson of La Crosse, Wis., subject to the two mortgages, and he was receiving the rent, but refused to pay interest on the mortgages or taxes on the property. On March 29, 1892, the plaintiff served notice on Anderson at La Crosse, Wis., that he would on April 2, 1892, apply to the District Court at Minneapolis for the appointment of a receiver of the rents and profits of the mortgaged property. Anderson appeared specially and objected that he was entitled to eight days' notice. This was overruled, but on his request the hearing was adjourned one week, when he appeared and contested the application on its merits. The motion was then granted, and John H. Field, Esq., was appointed receiver and authorized to collect the rents, pay the taxes and insurance, and hold the residue to pay any deficiency of the mortgage debt, not realized

on the foreclosure sale. From this order the defendant Mons Anderson appeals to this court.

*Peterson & Kolliner*, for appellant.

*Ueland & Holt*, for respondent.

VANDERBURGH, J. This is an appeal from an order appointing a receiver to take charge of mortgaged premises during the pendency of a suit for the foreclosure of the mortgage.

1. The appellant, who is a nonresident owner of the mortgaged premises, complains that the proceedings were irregular for want of due notice to him of the application. It is admitted that he was a nonresident absentee, and that only two days' notice of the motion which was based upon the complaint in the foreclosure suit and affidavits was given. The defendant appeared specially by his attorneys, and objected to the sufficiency of the notice; but, after saving an exception to the decision of the court overruling their motion to dismiss the application, they appeared generally, and thereupon the court postponed the hearing for one week, when, after hearing the parties, the application was granted. The general rule is to proceed only after notice, but this rule is not inflexible, so as to prevent the court from proceeding in cases where it is impracticable to give legal notice,—as in the case of absconding or nonresident defendants, —but, subject to proper limitations, the court may in such cases proceed without notice, and leave the party to move to vacate the order if he chooses to come in and submit to the jurisdiction of the court. As a receiver is under the control of the court, no great prejudice can ordinarily arise from the mere receipt of rents. But here it will be observed that the defendant was represented by counsel who were authorized to appear for him generally, and did so finally appear, and, after reasonable time for preparation, resisted the application. Undoubtedly the court should proceed cautiously; but, under these circumstances, and since the court might have proceeded without formal notice, the action of the court in proceeding to the hearing on the merits will be sustained as within its reasonable discretion. *People* v. *Norton*, 1 Paige, 17; High, Rec. (2d Ed.) §§ 116, 117.

2. On the merits of the application it appeared from the affidavits that the mortgage security is inadequate, and that the defendant Anderson is in possession by his tenant, and in receipt of the rents and profits. The action is brought to foreclose a second mortgage for $8,500, made by one Andrew Netland to the plaintiff, on the 1st day of January, 1891, bearing interest at the rate of six per cent. per annum, payable semiannually; and the mortgaged premises are also incumbered by a prior mortgage for the sum of $9,000, made to the Minnesota Loan & Trust Company, bearing six per cent. interest, also payable semiannually. On the 19th of March, 1891, the premises were purchased by the defendant Anderson, subject to the two mortgages referred to, but Netland, the mortgagor, is alone personally liable for the indebtedness thereby secured. Defendant Anderson has paid no part of the interest which has since accrued, and refuses to apply the rents to the satisfaction thereof; and Netland, the mortgagor, is alleged to be wholly insolvent.

Upon the question of the valuation of the property, and the inadequacy of the security, the evidence is sufficient to support the conclusion of the court below, and it will not be reviewed here.

The simple remaining question is whether a receiver may be appointed *pendente lite,* where the nonresident owner of mortgaged property, who is receiving the rents, refuses to pay the interest due upon the incumbrances, and where the property, being in itself inadequate security, is the only resource for the collection of the mortgage debt. We are clearly of the opinion that there was no abuse of discretion on the part of the court in granting the application. It was clearly the duty of the defendant to keep down the interest upon the incumbrances. Unless this was done, the plaintiff would himself be obliged to pay the prior incumbrance in order to prevent the foreclosure thereof; and as to that incumbrance, at least, a court of equity may properly interfere, and direct that the rents be applied to satisfy the interest due and accruing thereon. *Schreiber* v. *Carey,* 48 Wis. 208, (4 N. W. Rep. 124.)

Order affirmed.

(Opinion published 53 N. W. Rep. 873.)