FARMERS' NATIONAL BANK OF OWATONNA v. HIRAM BACKUS and
Others.[1]

January 29, 1896.

Nos. 9770—(266).

Foreclosure of Mortgage—Receiver.

In an action to foreclose a mortgage, the insolvency of the mortgagor, the
inadequacy of the security, and the failure to apply the rents of the mort-
gaged premises in keeping up the security, by paying delinquent taxes and
interest past due on the prior mortgage, is a sufficient ground for the ap-
pointment of a receiver pendente lite to collect the rents and so apply them.

[1] Reported in 66 N. W. 5.

**Same—Assignment of Rents.**

> That the mortgagor, at the time of making the first mortgage, gave the mortgagee therein named a written assignment of these rents cannot be urged by the mortgagor as a reason why a receiver should not be appointed.

**Motion—Affidavits.**

> *Held*, the court below, after giving the parties ample opportunity to present affidavits on the motion, did not abuse its discretion in refusing to hear any more affidavits, not presented at the proper time.

**Parties—Appearance.**

> *Held*, the appellant, who was not originally a party to the action, voluntarily appeared, and became a party by appearing and opposing the motion on the merits, and submitting to and complying with an order then and there making him a party, notwithstanding his claim that he was appearing specially only.

Appeal by defendant Burdic from an order of the district court for Ramsey county, Egan, J. Affirmed.

*William G. White*, for appellant.

*Herchmer Johnston*, for respondent.

CANTY, J. This is an action to foreclose a mortgage made in the form of an absolute deed with an agreement to reconvey. The defendant Burdic appeals from an order appointing a receiver pendente lite to collect the rents and apply them in payment of delinquent taxes and of interest due on the first mortgage on the premises, and ordering any balance of such rents remaining in his hands to be disposed of under the further order of the court.

1. It appears by the undisputed evidence that, when the motion for the appointment of a receiver was made, the taxes for one year were unpaid and delinquent, that a considerable amount of interest was past due on the first mortgage on the premises, that the mortgaged premises were wholly inadequate as security for the first mortgage and plaintiff's second mortgage, and that the mortgagors were insolvent. There was also evidence from which the court was justified in finding that the mortgagors had collected the rents from some of the tenants for several months in advance at a very large discount, in anticipation of an application for the appointment of a receiver, and had failed to apply all of the rents to the payment of taxes and interest on the first mortgage or in keeping up the security. We are of the opinion that it was a proper case for the

appointment of a receiver. See Haugan v. Netland, 51 Minn. 552, 53 N. W. 873. The point is made by appellant that it does not appear that the defendant Burdic, who is grantee of the mortgagors, is insolvent. In answer, we will say that it does not appear that Burdic is in any manner liable personally for the payment of the mortgage indebtedness, and there is no presumption that he is.

2. A written assignment of the rents of the premises to the mortgagee in the first mortgage, and made at the same time that the first mortgage was made, was properly rejected by the court on the motion. What right or defense does that assignment give Burdic, as against that motion?

3. The court below rejected some affidavits offered by appellant at the close of the hearing of the motion as a part of his original defense, and to impeach or rebut affidavits of some parties who had first made affidavits for him and then contradicted these in affidavits made for plaintiff. The court, in his ruling, refused to hear any more affidavits. This is assigned as error. The court heard the motion on three different days, continuing it twice, to permit the parties to procure more affidavits, and was fully justified in shutting off the apparently inexhaustible supply.

4. Burdic was not made a party to this action when it was originally commenced, and the papers in the motion for the appointment of a receiver were not served on him; but on the hearing of that motion, on the first day it was heard, he appeared in court, claiming to appear specially, and presented, read, and filed in the motion a long affidavit, made by him, in which he avers that he had lately, but before the commencement of this action, purchased the mortgaged premises from the mortgagors, and entered into possession of them, and was then the owner and in possession of the same.

If he had stopped here, his acts might have amounted merely to a special appearance, but he proceeds in his affidavit to controvert and explain the greater portion of the facts averred in the moving papers, and states, in answer to those averments, that there is sufficient insurance on the premises, "but if, upon full investigation of all of the facts in this case, the court shall consider that this affiant, as owner of the property, ought to place a greater amount thereon, he hereby offers to do so." Thereupon the court made an order, entitled in the action, which reads as follows: "In the above-enti-

tled action it is ordered that Charles W. Burdic, being now here in court, be and he is hereby made a party defendant to this action, and it is further ordered that the name of Charles W. Burdic be added after the last name of the defendants in the summons and complaint and all other pleadings in this action, and that the said Charles W. Burdic serve and file his answer to the complaint herein within 20 days without further notice, and that he show cause upon the order this day returnable, on July 2, 1895, at 10 o'clock a. m., at room 4 in the courthouse in St. Paul, in said county, and that a copy of this order be forthwith served upon said Burdic.". This order was then and there served on Burdic, he appeared and opposed the motion on the subsequent days, the summons and complaint were afterwards amended, and Burdic answered as so ordered.

Under these circumstances, his claim that his appearance on the hearing of the motion was a special appearance is wholly untenable. Conceding that, if he had not appeared generally and become a party to the action at the time the above order was made, the order would be irregular, and not in conformity with G. S. 1894, §§ 5178–5181, as amended by Laws 1895, c. 29, it does not follow that the order was not a proper one to make, when he had, in fact, already become a party by his voluntary appearance and participation in the defense of the motion on the merits.

This disposes of all the questions in the case worthy of consideration, and the order appealed from is affirmed.