MARSHALL & ILSLEY BANK v. FRANK M. CADY and Others.

April 26, 1899.

Nos. 11,550—(162).

**Foreclosure of Mortgage—Receiver of Rents and Profits—Inadequate Security.**

In this state, when a mortgagor holds the legal title of the mortgaged premises, and, under the statute, is entitled to the possession, and consequently to the rents and profits, until foreclosure and the expiration of the time for redemption, the rents and profits of the land are no part of the security; and neither the mortgagee nor the purchaser at the foreclosure sale is entitled to the appointment of a receiver of the rents and profits, except upon the equitable ground that it is necessary in order to prevent waste, or to protect and preserve the mortgage security, and in such case the rents and profits can only be used for that purpose. The mere fact that the premises are inadequate security, and that the mortgagor is insolvent, will not of itself authorize the appointment of a receiver.

**Purchaser at Sale—Application of Receiver's Balance.**

The purchaser at the mortgage sale, whether the mortgagee or a third person, is not entitled to have the rents and profits remaining in the hands of the receiver applied to the payment of taxes which were delinquent, and a lien on the premises at the time of the sale. The purchase was subject to all existing paramount incumbrances.

**Receiver's Account—Disallowance of Fees—Appeal.**

The plaintiff cannot assign as error the action of the court in disallowing the claims of the receiver for fees and disbursements, as this is a matter personal to the receiver, and cannot prejudice the party.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., auditing and allowing the account of J. Pow-

ell Moore, receiver, and surcharging the same by striking out certain items, and directing the receiver to pay to defendant Cady the sum of $77.66. Affirmed.

*William G. White,* for appellant.

The district court is a court of original equity jurisdiction, having all the power and authority formerly vested in courts of chancery. The appointment of a receiver is an exercise of equity jurisdiction which exists apart from any statute, and is not taken away by statute unless such is its plain intent and purpose. 2 Jones, Mort. §§ 1516, 1517, 1520, 1521; High, Rec. §§ 643, 646. The jurisdiction has always been exercised in Minnesota. It extends to foreclosure of mortgages, and is not affected by the statutory provisions that a mortgage is not to be deemed a conveyance, and that the mortgagor shall be entitled to possession during the year for redemption. Lowell v. Doe, 44 Minn. 144; Haugan v. Netland, 51 Minn. 552; Farmers' Nat. Bank v. Backus, 64 Minn. 43. A mortgagee lawfully in possession after default cannot be ousted at instance of the mortgagor, or of the holder of a subsequent lien, except on payment of the mortgage debt. Longfellow v. Fisher, 69 Minn. 307; Lane v. Holmes, 55 Minn. 379; Jones v. Rigby, 41 Minn. 530. The relation between mortgagor and mortgagee in possession is substantially the same as that between a mortgagor and a receiver lawfully in possession by order of court. The appointment of such receiver is in the nature of an equitable attachment of the rents and profits to be held for benefit of the mortgagee, provided the security proves insufficient. 2 Jones, Mort. § 1517. Equity having taken jurisdiction, will retain it for all purposes.

The district court acting as a court of chancery has power to appoint a receiver after judgment of foreclosure, and after the sale, and hence, in such cases, it may continue a receiver theretofore appointed. Beach, Rec. § 546; Wiltsie, Mort. For. §§ 687, 688; High, Rec. (3d Ed.) § 110; Haas v. Chicago, 89 Ill. 498; Hyman v. Kelly, 1 Nev. 179; Astor v. Turner, 11 Paige, 436; Connelly v. Dickson, 76 Ind. 440; Merritt v. Gibson, 129 Ind. 155; Finch v. Houghton, 19 Wis. 163; Schreiber v. Carey, 48 Wis. 208. While it is

76 M.—8

true that the foreclosure exhausts the legal lien of the mortgage, in all cases where the security is inadequate, and the mortgagor is insolvent, and taxes have accumulated, equity provides an additional fund, viz. the rents and profits, which it will appropriate towards payment of the taxes and the balance due on the debt. The legal and the equitable securities are separate and distinct. The appointment of a receiver by a court of equity is analogous to attachment in a court of law. Cincinnati v. Sloan, 31 Oh. St. 1. Notwithstanding that the mortgagor is entitled to possession during the year for redemption, he forfeits the right to the rents and profits unless he performs his equitable duties to the mortgagee. Connelly v. Dickson, supra; Travellers v. Brouse, 83 Ind. 62; Haas v. Chicago, supra; Boruff v. Hinkley, 66 Ill. App. 274; Smith, Rec. § 177; 2 Jones, Mort. § 1531a. In any event it was the duty of the receiver to use the money in his hands in payment of taxes.

*Charles J. Berryhill*, for respondent.

MITCHELL, J.

In this action to foreclose a mortgage, the court, on the motion of the plaintiff, appointed a receiver of the mortgaged premises during the pendency of the action to collect the rents, profits, and income of the property, and apply the same, as far as necessary, in payment of the taxes and assessments that were then a lien against the premises, and to bring the balance, if any, into court. In the final decree of foreclosure rendered in November, 1897, the court directed that the receivership should be continued until the further order of the court. The premises were sold under the judgment in December, 1897, and purchased by the plaintiff for a sum about $300 less than the amount due on the mortgage, for which a deficiency judgment was entered after the sale was confirmed. At the date of the sale the taxes for 1893, amounting to over $80, remained unpaid, and constituted a lien on the property. The receiver remained in possession, collecting the rents and profits of the premises, until the expiration of the time for redemption, in December, 1898. Subsequently the receiver filed in court an account of his receipts and disbursements. The court disallowed some of the items of his account for fees and disbursements, and

settled the net balance in his hands at $77.66. The plaintiff asked that this balance be applied either on the deficiency judgment, or on payment of the taxes of 1893. The defendant asked that the receiver be directed to pay the amount over to him. The court granted defendant's motion, and the plaintiff appealed. The receiver has not appealed.

The further facts may be stated (although probably immaterial) that the premises were never redeemed; also, that at least a part of the balance in the hands of the receiver was derived from rents received after the foreclosure sale. The plaintiff excepts to the action of the court in disallowing some of the charges of the receiver for fees and disbursements. This is a matter personal to the receiver, and does not concern the plaintiff. If it is entitled to the balance, the disallowance of these items would make the amount coming to it the larger by the amount disallowed. The receiver being content, it does not lie in the mouth of the plaintiff to object.

To the contention that the balance in the hands of the receiver should be applied towards the payment of the taxes for 1893, the short answer is that these taxes were a paramount lien upon the premises when plaintiff purchased them; that it purchased subject to this lien, and presumably fixed the amount of its bid with reference to that fact. Hence the practical effect of applying this balance on these taxes would be to enable the plaintiff to get the property for that much less than its bid at the foreclosure sale.

Neither is the plaintiff entitled to have the balance of the rents and profits in the hands of the receiver applied on the deficiency judgment. If it is, it must be on the ground that it has a lien, legal or equitable, on the rents and profits of the mortgaged premises, as security for the payment of the mortgage debt. It is unnecessary to consider when, and for what purposes, a mortgagee was entitled to a receivership of the rents and profits at common law, when the legal title, with the right of possession, was vested in him. Under our statute, a mortgage conveys no legal title to the mortgagee. It is but security for the debt. The mortgagor has the legal title, and is entitled to the possession until a sale has been made, and the title of the purchaser has become absolute at

the expiration of the year for redemption. Under this state of the law, a mortgage binds only the land, and the rents and profits of the premises do not enter into, or form any part of, the security. Courts have sometimes been led into error by assuming an analogy or similarity between a receiver of the rents and profits and "a mortgagee in possession," who cannot be evicted until the mortgage debt is fully paid. But in this assumption they lose sight of the fact that a mortgagee in possession derives his right of possession, not under his mortgage, but under a subsequent and independent agreement with the mortgagor. This court has repeatedly held that this consent of the mortgagor is the very basis of the rights of a mortgagee in possession.

We have no doubt of the power of a court, in a proper case, even under our statute, to appoint a receiver of the rents and profits of the mortgaged premises during foreclosure. Neither do we doubt that this might be done, at the instance of the purchaser, after sale, and during the year allowed for redemption. But the question is what, in view of the respective rights of mortgagor and mortgagee under the modern law of mortgages, would be a proper case for the appointment of a receiver, and for what purposes can such a receiver be appointed. As already suggested, no such appointment could be made on the ground that under the mortgage the rents and profits enter into, and become a part of, the security for the payment of the debt. Therefore, in our opinion, the only ground upon which a receiver of the rents and profits can be appointed in such a case is the equitable one that it is necessary to prevent waste, and protect and preserve the premises themselves; and this is the only purpose for which a receivership can be exercised, or for which the rents and profits can be used. The fact that the premises are inadequate security, or that the mortgagor is insolvent, or both combined, is, of itself alone, no ground for the appointment of a receiver, although it might be a very material consideration in passing upon the propriety or necessity of appointing a receiver for the purpose of preserving the premises. To hold otherwise would be to defeat the provisions of the statute which gives the right of possession to the mortgagor, to deprive him of those substantial rights which it was the evident intent he should have,

and to allow the mortgagee to do indirectly what he cannot do directly. That this cannot be done would seem to be a necessary corollary from the doctrine of this court as announced in Cullen v. Minnesota L. & T. Co., 60 Minn. 6, 61 N. W. 818.

It is unnecessary to consider at this time what state of facts would constitute a ground for appointing a receiver to prevent waste, and to preserve the property, but it will be found that, in every instance where this court has sustained such an appointment, it has been upon that ground; and we have recognized as sufficient causes waste, the loss of business good will resulting from the disuse of the property for the only purpose for which it was reasonably adapted, and the accumulation of delinquent taxes, or of interest on prior incumbrances, which jeopardized the mortgage security, and to the payment of which the mortgagor failed or refused to apply current rents and profits. It can hardly be necessary, in view of what has been said, to suggest that, even where a receiver has been properly appointed for the purpose of protecting and preserving the property, the rents and profits can only be used for that purpose, and not for the purpose of paying the mortgage debt. As sustaining our views, see Wagar v. Stone, 36 Mich. 364, and Guy v. Ide, 6 Cal. 99.

It must be conceded that, under similar statutes, the decisions of the courts on this question seem to be somewhat conflicting. Doubtless, some of them have been influenced by preconceived ideas derived from the common law, while others, which hold that a receiver of the rents and profits may still be appointed, have failed fully to appreciate the limitations upon the right resulting from the change in the law of mortgages. The dissent from the doctrine of the Michigan and California decisions seems to be based upon the assumption that they hold that no receiver of the rents and profits can be appointed in any case,—not even for the purpose of preventing waste and preserving the property. Such seems to have been the impression of this court when referring to these cases in Lowell v. Doe, 44 Minn. 144, 46 N. W. 297. But we do not think that they can be fairly construed as going that far. No such question was before the court in either case. In Schreiber v. Carey, 48 Wis. 208, 4 N. W. 124, much relied on by the appellant, the appoint-

ment of a receiver was justifiable on the ground that it was necessary in order to protect and preserve the mortgage security against delinquent taxes, for which the premises had been already sold to the county, and the certificates of sale assigned to strangers, although in the lengthy opinion much is said by way of argument and illustration in which we cannot fully concur.

Order affirmed.