# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

---

LENA B. DONNELLY v. CHARLES BUTTS.[1]

May 18, 1917.

Nos. 20,154—(36).

**Foreclosure of mortgage — appointment of receiver during suit.**
> While neither insolvency of the mortgagor nor insufficiency of the security, separately or combined, warrant the appointment of a receiver in a suit to foreclose a real-estate mortgage, still the appointment may be justified when in addition to those facts it is made to appear that the rents and profits of the property have been appropriated by the mortgagor to his own use, and he has suffered taxes on the premises to remain unpaid, together with large items of overdue interest upon prior mortgages, thus depreciating the security.

Action in the district court for Ramsey county to foreclose a mortgage and for the appointment of a receiver. From an order appointing a receiver during the pendency of the action to foreclose the mortgage, Haupt, J., defendant appealed. Affirmed.

*W. H. Williams,* for appellant.

*Thomas J. McGrath* and *Horace H. Glenn,* for respondent.

HOLT, J.

In this action to foreclose a mortgage the court made an order appointing a receiver *pendente lite* to collect the rents from the mort-

[1]Reported in 162 N. W. 674.

137 M—1

gaged property and apply the same upon unpaid taxes and overdue interest on prior mortgages. Defendant appeals.

The court might well find that plaintiff's security was inadequate and that the mortgagor was insolvent. But that in itself does not furnish a ground for the appointment of a receiver. Neither does there appear to be any substantial merit in the claim that defendant has failed to make necessary repairs. We have then only these facts upon which to base the order: There is overdue and unpaid more than $2,500 in interest upon the $9,895 mortgage indebtedness prior to plaintiff's, $60 upon the premium for the insurance policy covering the building on the mortgaged real estate, and the taxes for 1911, being about $450, together with the interest, penalties and costs, and the mortgagor has appropriated the rents and profits to his own use. Do these facts give the court the right to appoint a receiver? We believe our prior decisions answer the question in the affirmative. It is settled that waste committed or permitted upon mortgaged realty to such an extent as to make the security inadequate is good ground for appointment of a receiver pending foreclosure suit. In Cullen v. Minnesota L. & T. Co. 60 Minn. 6, 61 N. W. 818, it was said to be "clearly a species of waste for the holder of an estate, under which he is in possession, to take and enjoy the rents and profits and neglect to pay the taxes, when it is his duty so to do for the benefit of some other right, interest or estate in the same land." There would seem to be no good reason for making a distinction between depreciating the security by nonpayment of taxes and doing the same thing by nonpayment of interest accruing upon prior mortgages. Both detract from the security as it was when the subsequent mortgage was accepted. Central Trust Co. v. Chattanooga R. & C. R. Co. 94 Fed. 275, 36 C. C. A. 241. A second mortgagee has the right to insist that the mortgagor apply the rents and profits arising out of the property mortgaged upon those charges which, unless paid, become additional liens thereon superior to those of such second mortgagee, when it is made to appear that otherwise the latter's security will become inadequate and he would stand to lose his claim. This is in effect the doctrine of Lowell v. Doe, 44 Minn. 144, 46 N. W. 297; Haugan v. Netland, 51 Minn. 552, 53 N. W. 873; Farmers Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5; and Marshall & Ilsley Bank v.

Cady, 75 Minn. 241, 77 N. W. 831, in each of which the failure to pay and discharge taxes or interest accruing upon prior incumbrances appears to have been of controlling weight with the court in appointing a receiver. Upon this appeal we have to assume that the court below resolved disputed facts in respondent's favor. So viewing the matter we find no abuse of discretion in the order. It is of no significance that the 1911 taxes were due when plaintiff took her mortgage, since there is no claim that it was not defendant's duty as owner to pay them.

Appellant relies on some expressions found in Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978 (second appeal) and in National Fire Ins. Co. v. Broadbent, 77 Minn. 175, 79 N. W. 676. Both of those cases involved rents and profits subsequent to the mortgage foreclosure sale. In the one first cited the question was whether the second mortgagee after foreclosure of his mortgage was entitled to have that part of the rents in the hands of the receiver, not used to pay the taxes delinquent at the time of the foreclosure sale, applied toward the payment of a deficiency judgment against the mortgagor. The court rightly held that such surplus belonged to the owner of the fee. In the Broadbent case the foreclosure sale had been had, and the appeal was from an order refusing to appoint a receiver pending the year of redemption. The only reason made to appear for a receiver then was that an assessment for sidewalk and street sprinkling was unpaid, but whether the assessment was made before or after the foreclosure sale was not shown. Manifestly a receiver could not be appointed. Neither case is in point here.

Order affirmed.