CHRISTIAN NIELSEN v. MARY J. HEALD AND OTHERS. GEORGE FORSYTHE, APPELLANT.[1]

January 20, 1922.

No. 22,482.

**Mortgage—possession of premises.**

1. Ordinarily the mortgagor is entitled to the possession of the mortgaged property and to the rents and profits therefrom until the expiration of the period of redemption.

**Mortgagee not entitled to rents and profits when no waste.**

2. If he permits waste and the security is inadequate and the debtor insolvent, the court may take control of the property through a receiver and apply the rents and profits in protecting and preserving it. But rents and profits are no part of the security, and the mortgagee has no right to have them applied for his benefit, except insofar as may be necessary to preserve to him the security which he acquired when he took his mortgage.

**What is deemed waste—taxes and interest on prior mortgage.**

3. Failure to pay claims which were not liens on the property when the mortgage was taken but which, if not paid, will become liens thereon superior to the mortgage, is deemed waste. Failure to pay taxes or interest on prior mortgages is waste within this rule.

**What is not deemed waste—mechanic's lien.**

4. Failure to pay claims which were liens on the property when the mortgage was taken does not constitute waste. And mechanics' liens which are prior and superior to the mortgage must be deemed to have

[1]Reported in 186 N. W. 299.

been existing liens when it was taken, at least in the absence of evidence that they accrued thereafter.

**What necessary to obtain receiver.**

5. To obtain the appointment of a receiver, the mortgagee must prove by clear and convincing evidence that his debtor is insolvent, and his security inadequate, and also that the security is becoming impaired by waste caused or permitted by the mortgagor. But an order appointing a receiver is, in effect, a finding that all the facts necessary to authorize the appointment have been proven.

**Decision sustained by evidence.**

6. The evidence is sufficient to sustain the order appointing a receiver.

Action in the district court for Hennepin county to foreclose a second mortgage upon an apartment building for $15,250; to declare the amount due to be a specific lien upon the premises; and to appoint a receiver to collect rents and profits during the pendency of the action. From an order, Leary, J., granting plaintiff's motion for the appointing of a receiver, defendant appealed. Affirmed.

*Einar Hoidale,* for appellant.
*John N. Berg,* for respondent.

TAYLOR, C.

Plaintiff brought this action to foreclose a second mortgage on an apartment building in the city of Minneapolis, and procured the appointment of a receiver to collect the rents and profits during the pendency of the action. Defendant Forsythe appeals from the order appointing the receiver. So far as the record discloses, the other defendants have not appeared or taken any part in the proceedings.

The title to the property was held by defendant Mary Heald until conveyed to defendant Forsythe as hereinafter stated. Defendant Anderson, a contractor and builder, constructed the apartment building and completed it in July, 1920. On February 5, 1920, the Healds executed a mortgage on the property to David P. Jones & Company for $27,500, payable in instalments, and bearing interest at the rate of 6 per centum per annum, payable semi-annually on

the fifth day of January and July of each year. On April 15, 1920, the Healds executed a second mortgage on the property to defendant Anderson for $17,000, payable in monthly instalments of $250 each, and bearing interest at the rate of 6 per centum per annum. On June 15, 1920, Anderson sold and transferred this second mortgage to plaintiff for the sum of $14,000. On August 12, 1920, the Healds sold the property to defendant Forsythe and conveyed it to him by warranty deed, subject to the two mortgages which he assumed and agreed to pay as a part of the purchase price. For the remainder of the purchase price, he conveyed to the Healds a farm in Renville county of the value of $28,800, subject to a mortgage of $4,000; which farm the Healds sold and conveyed to third parties shortly thereafter.

When Forsythe, who was a retired farmer living in Renville county, made his purchase, the Healds and Anderson stated and represented to him that all claims incurred in the construction of the building had been paid and satisfied and that no lienable claims of any kind were outstanding and he relied thereon in making the purchase. These representations were not true, however, and between September 22 and December 29, 1920, liens were filed against the property, amounting in the aggregate to the sum of $28,225. If valid they are prior and superior to plaintiff's mortgage. Their validity is not admitted by Forsythe and has not yet been determined in proceedings to enforce them, but plaintiff asserts that they are valid in the amount of at least $20,000. The value of the property is placed at $55,000, several thousand dollars less than the aggregate amount of the two mortgages and the liens. Both Anderson and the Healds are insolvent. Forsythe took possession of the property under his deed and thereafter maintained and operated it, and collected the rentals of $855 per month. He paid plaintiff seven instalments of the second mortgage and $660 as interest, making a total of $2,410. He also paid the first instalment of interest on the first mortgage. In January, 1921, $500 of principal and $825 of interest became due on the first mortgage, and $250 of principal and $76.25 of interest became due on the second mortgage, and these amounts still remain unpaid. Plaintiff's application for

the appointment of a receiver is dated February 8, 1921. Plaintiff's mortgage contains a provision authorizing him to declare the entire amount due in case of default in any payment and he has declared the entire amount to be due, and asks judgment therefor and that the property be sold to satisfy the same, and that he have a personal judgment against defendants for any deficiency in the amount realized from such sale.

The question before this court is whether the trial court overstepped the bounds of its judicial discretion in appointing a receiver to collect the rents and profits and care for the property during the pendency of the action. Ordinarily, under our law, the mortgagor or his successor in interest is entitled to the possession of the property and to the rents and profits therefrom during foreclosure proceedings and until the expiration of the period of redemption, Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; but, if he permits waste of a character to impair the security, and the security is inadequate and those personally liable for the debt are insolvent, a receiver may be appointed to take charge of the property and to apply the rents and profits, or so much thereof as may be necessary for that purpose, in protecting it from preventable waste. 19 R. C. L. 560, 563; Lowell v. Doe, 44 Minn. 144, 46 N. W. 297; Haugan v. Netland, 51 Minn. 552, 53 N. W. 873; Marshall & I. Bank v. Cady, supra; Donnelly v. Butts, 137 Minn. 1, 162 N. W. 674; Justus v. Fagerstrom, 141 Minn. 323, 170 N. W. 201.

Speaking in general terms it may be said that a mortgagor is chargeable with waste within the meaning of the rule whenever, through the fault of the mortgagor, the mortgagee loses some part of the security which he had when he took his mortgage. Failure to pay claims or charges which were not liens on the property when the mortgage was taken, but which, if not paid, will become liens thereon superior to the mortgage, is deemed waste within the rule. Failure to pay interest on prior mortgages or to pay taxes falls within this species of waste. Lowell v. Doe, 44 Minn. 144, 46 N. W. 297; Haugan v. Netland, 51 Minn. 552, 53 N. W. 873; Cullen v. Minnesota L. & T. Co. 60 Minn. 6, 61 N. W. 818; Farmers Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5; Marshall & Ilsley Bank v. Cady,

75 Minn. 241, 77 N. W. 831; Donnelly v. Butts, 137 Minn. 1, 162 N. W. 674.

Plaintiff, having applied for the appointment of a receiver, had the burden of proving, by clear and convincing evidence, that his security had become impaired by waste caused or permitted by the defendants. Northland Pine Co. v. Melin Bros. Inc. 136 Minn. 236, 161 N. W. 407, 1 A. L. R. 1463. But the order appointing the receiver was, in effect, a finding that all the facts necessary to authorize such appointment had been established. The finding that plaintiff's security was inadequate must stand, for the court could find that plaintiff's mortgage together with the valid prior encumbrances exceeded the value of the property by a substantial amount. It is conceded that Anderson and the Healds are wholly insolvent, but plaintiff's assertion that Forsythe is also insolvent is emphatically denied by the latter and plaintiff adduced no evidence to prove it. Although Forsythe asserts that he is solvent, he does not concede that he is personally liable for the payment of the mortgages. On the contrary he sets forth facts, seemingly undisputed, which are sufficient to constitute a complete defense on the ground of fraud to any action brought to enforce such liability. On this state of the record we think the court was justified in finding that plaintiff must look solely to his security for the payment of his mortgage.

The inadequacy of the security and the insolvency of those personally liable for the debt, are not of themselves sufficient grounds for the appointment of a receiver, for the rents and profits are no part of the security, and the mortgagee is not entitled to them. To obtain the appointment of a receiver, the mortgagee must show not only that the security is inadequate and the debtor insolvent, but also that his security is becoming impaired through the wrongful failure of the mortgagor or his successor in interest to protect the property from waste.

Plaintiff assigns the following as the grounds upon which defendants are chargeable with waste: That they permitted an instalment of both principal and interest on the first mortgage to become delinquent; that they permitted mechanics' liens to become liens on the property superior to his mortgage; and that defendant

Forsythe is appropriating the rents and profits to his own use instead of applying them to the payment of the liens and the interest on the first mortgage, and intends to continue to do so in the future.

Defendants are not chargeable with waste for failing to discharge claims which were liens on the property at the time plaintiff's mortgage was taken. Marshall & I. Bank v. Cady, 76 Minn. 112, 78 N. W. 978; National Fire Ins. Co. v. Broadbent, 77 Minn. 175, 79 N. W. 676. The rents and profits form no part of the security acquired under the mortgage, and the mortgagee can reach them only by invoking the equitable powers of the court, and then only to the extent necessary to protect the property from deterioration and from liens arising out of claims which were suffered to accrue after the mortgage was taken but which, if not paid, will take precedence over the mortgage. In other words, he has no right to have the rents and profits applied for his benefit, except insofar as may be necessary to give him the same security which he had when his mortgage was taken. Sales v. Lusk, 60 Wis. 490, 19 N. W. 362.

The principal of the first mortgage was an existing lien when the second was taken, and the failure to pay instalments thereof furnished no ground for the appointment of a receiver.

Under our statute all the mechanics' liens attached and took effect at the time the first item of material or labor for the building was furnished on the premises. G. S. 1913, § 7023; Erickson v. Ireland, 134 Minn. 156, 158 N. W. 918. The record fails to show when these liens in fact attached, or when the material and labor which gave rise to them were actually furnished, but, as plaintiff concedes that they are prior and superior to his mortgage, they must be deemed to have existed when the mortgage was taken, at least in the absence of proof that they accrued for labor and material furnished thereafter. It follows that the failure to pay these liens furnished no ground for the appointment of a receiver. Whether the failure to pay a lien for labor and material shown to have been furnished after the mortgage was taken would constitute a ground for the appointment of a receiver, is not involved in this case and is not determined, for no such showing was made and the burden of making it rested on plaintiff.

Interest in the sum of $825 became due on the first mortgage and remains unpaid. This fact furnished a ground for the appointment of a receiver, if it further appeared that Forsythe had rents and profits out of which he ought to have discharged this interest. The evidence bearing on this question is not very clear or definite but, we think, is sufficient to sustain the finding of the trial court within the rule which governs this court when reviewing such findings. By appointing the receiver the court necessarily determined that plaintiff's security had become endangered to such an extent that the court ought to take control of the property for his protection. The existence of the mechanics' liens was unknown to Forsythe and apparently also to plaintiff until the statements therefor were filed. The assertion of these liens made a radical change in the situation. If they are valid, and that the major part of them are valid does not seem to be seriously questioned, Forsythe stands to lose his entire investment, and plaintiff a portion of his mortgage. In this situation there is little, if any, inducement for Forsythe to apply rents and profits received by him in reducing the encumbrances, and we cannot say that the court exceeded its discretion in taking control of the property through its receiver for the purpose of applying the rents and profits as the law directs.

Order affirmed.

DIBELL, J. (dissenting).

I dissent. The taxes and insurance have been paid and the property is in good condition. The claim of waste rests upon the failure to pay $850 in interest which became due on the first mortgage in the early part of January, 1921. Forsythe is apparently solvent. Whether he is personally liable on the mortgage notes seems a matter of controversy. The failure to pay interest on a first mortgage is not waste as to the mortgagee in a second mortgage, unless the property produces an income with which to pay it. The mortgaged property is income bearing. There is no showing that the plaintiff has used the income for purposes other than the payment of taxes and insurance and interest and upkeep. It is a fair inference from the record that an amount equal to the income has been used in

protection of the property. The appointment of a receiver is a drastic remedy. Forsythe was greatly wronged by Anderson. So was the plaintiff, though in taking the $17,000 mortgage he got a $3,000 discount and has that much margin. Forsythe is the greater sufferer. He wants to save something if he can. He seems to be acting in good faith. His efforts should not be unnecessarily forestalled. A receivership means expense and waste, and embarrassment to him in his efforts. Viewing his situation as well as that of the plaintiff there is no compelling equity calling for the appointment of a receiver. It seems to me that the appointment of a receiver, under the circumstances, is inequitable.

HALLAM, J. (dissenting).
I agree with the above.