# FIDELITY-PHILADELPHIA TRUST COMPANY v. H. J. WEST AND ANOTHER.[1]

July 5, 1929.

No. 27,507.

[1]Reported in 226 N. W. 406.

*Harris Richardson,* for appellant.

*Kingman, Cross, Morley & Cant* and *Edwin D. Ford, Jr.* for respondent.

OLSEN, C.

Appeal by defendant H. J. West, hereinafter referred to as the defendant, from an order overruling his demurrer to the complaint on the ground that the same fails to state facts sufficient to constitute a cause of action. The trial court certified the question as important and doubtful.

Harold P. Brown was the owner of the West Hotel property in Minneapolis. On May 10, 1927, he and his wife gave a first mortgage trust deed on the property to this plaintiff as trustee to secure a bond issue of $750,000. The bonds were sold and are outstanding. The trust deed contains the usual provisions requiring the mortgagors, or their successors or assigns, to pay the principal and interest on the bonds as same come due, to pay the taxes and assessments on the property before penalties accrue, to keep the property insured against fire to the extent of $640,000 and pay the premiums for such insurance, to keep the property in repair, and other provisions not here important. It provides that in case of default in payment of taxes, or in keeping the property insured in the amount stated, the trustee may pay such taxes and pay insurance premiums, and that payments so made shall bear interest until repaid. The trust deed in terms mortgages the real estate "together with all the leases, rents, issues and profits of said premises." The default provisions in the deed in substance are that, in case of any default and if such default continues for a period of 60 days, then the trustee may declare the principal of all bonds then outstanding to be due, or in the event of any such default without declaring the principal of said bonds due, the trustee shall be and is authorized to enter upon the mortgaged premises, without notice,

and receive the rents, issues and profits thereof, and demise, lease and let said mortgaged premises, or any part or portion thereof, and collect the rent therefrom and apply the same to the expenses and just compensation therefor, and for the repair of buildings thereon, and the payment of taxes, assessments, charges and insurance premiums, due or to become due, and the removal of such default, and apply any surplus to the payment of interest and principal of the bonds. And the mortgagors assign and transfer to the trustee said rents, income and profits for the purposes aforesaid.

Brown and his wife thereafter conveyed the property, subject to the trust deed, to the West Hotel corporation. That corporation became bankrupt, and the trustee in bankruptcy thereafter, on or about October 26, 1928, sold and conveyed the property, subject to the trust deed, to the defendant H. J. West, who took possession thereof on November 1, 1928, and has since remained in possession.

The defendant New England Furniture & Carpet Company, under a lease or permit from the West Hotel corporation, given some time after the trust deed but before that corporation became bankrupt, maintains an electric sign upon the West Hotel building, for which it is obligated to pay a rental of $50 per month. Plaintiff seeks to recover by this action rent due from the New England Furniture & Carpet Company under its lease. Defendant West claims he is entitled to these rents.

That default for a period of more than 60 days had occurred in the payment of interest on the bonds and in the payment of taxes and insurance premiums, at the time the action was commenced, is shown by the complaint. Taxes to the amount of $32,736.70 due in 1928, and insurance premiums to the amount of $562.12, were in default and not paid. The trustee, in order to protect its mortgage, paid the first half of the taxes, due May 31, 1928, and the insurance premium. The last half of the taxes remain unpaid. The total rentals of the property are stated to be some $3,700 per month. Notice of default and demand for payment of the rents was served on defendants November 3, 1928. The plaintiff has not declared the principal of the bonds due and has not entered upon

or taken possession of the property, nor taken any steps to foreclose its trust deed or to have a receiver appointed.

By his able argument and brief in support of the demurrer, counsel for defendant presents the questions now to be considered.

It is urged that the provisions of the trust deed, attempting to mortgage the rents of the property and authorize the trustee to collect same, are attempts to deprive the mortgagors and their assigns of their statutory right to possession of mortgaged property until the expiration of the period for redemption, and that these provisions are contrary to public policy in this state and are void.

G. S. 1923 (2 Mason, 1927) § 9572, has been uniformly held by this court to deny to a mortgagee the right to the possession of mortgaged property until after foreclosure, and any provisions in a mortgage granting to the mortgagee the right to possession or to collect or receive the rents or income from the property to apply upon the mortgage debt before foreclosure have been held invalid. Cullen v. Minnesota L. & T. Co. 60 Minn. 6, 61 N. W. 818; Orr v. Bennett, 135 Minn. 443, 161 N. W. 165, 4 A. L. R. 1396; Larson v. Orfield, 155 Minn. 282, 193 N. W. 453. A distinction has been made between applying rents or income from the property to the payment of taxes, insurance, interest on prior liens, and repairs necessitated by waste, and applying such rents upon the mortgage debt. Failure to pay taxes and insurance is considered a species of waste. Cullen v. Minnesota L. & T. Co. 60 Minn. 6, 61 N. W. 818; Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; Nielsen v. Heald, 151 Minn. 181, 186 N. W. 299, 26 A. L. R. 29; Larson v. Orfield, 155 Minn. 282, 193 N. W. 453; Windom Nat. Bank v. Reno, 172 Minn. 193, 214 N. W. 886, and cases there cited.

In Nielsen v. Heald, 151 Minn. 181, 184, 186 N. W. 299, 26 A. L. R. 29, it is said:

"Failure to pay claims or charges which were not liens on the property when the mortgage was taken, but which, if not paid, will become liens thereon superior to the mortgage, is deemed waste within the rule. Failure to pay interest on prior mortgages or to pay taxes falls within this species of waste."

In Windom Nat. Bank v. Reno, 172 Minn. 193, 197, 214 N. W. 886, it is stated:

"It is true that nonpayment of taxes and interest on prior encumbrances alone do not justify the appointment of a receiver. * * * Still, such omissions have been considered in this state in the nature of waste when taken in connection with insolvency of the owner of the premises and his refusal to devote the rents and profits to payment of such taxes and interest, and rightly so, for to the second mortgagee the nonpayment thereof is apt to result in more serious consequences than a mere physical deterioration or damage to the premises."

The duty to pay taxes rests upon the owners of property generally or upon the person who has such interest in the property as entitles him to enjoy the use thereof and to receive the rents and profits therefrom. The duty rests on life tenants and each tenant in common; on a mortgagor as against a mortgagee; on a grantee of a mortgagor as against the mortgagee. 6 Dunnell, Minn. Dig. (2 ed.) § 9253.

Where as in the present case the property produces income more than sufficient to pay taxes and insurance, the duty of the owner to make these payments seems clear. His failure to perform that duty, while not at all decisive of this case, may well be referred to.

In Cullen v. Minnesota L. & T. Co. 60 Minn. 6, 61 N. W. 818, the Ryan Hotel property in St. Paul was involved. There the owner had given a mortgage trust deed to secure a bond issue the same as here. Thereafter the owner conveyed part of the property to Cullen, subject to the trust deed. Cullen then leased the property conveyed to him to Foot, Schultz & Company. The trust deed, and a power of attorney which was held to be a part of the deed, authorized the trustee, in case of any default in its conditions, to collect and receive any rents due from any tenants of any part of the premises and to apply such rents in payment of any amount then in default under the terms of the trust deed. Under the trust deed the owner agreed to pay taxes and insurance. Cullen sued his tenants to recover rent under his lease to them. The trustee made

claim to these rents under its deed and was brought in as a party defendant. It appeared that a large amount of taxes was in default on that part of the property covered by the trust deed and not conveyed to Cullen. There, as here, it was urged that under our statute any provision of the trust deed permitting the trustee to collect rents, without a foreclosure, was void. The court held that the trustee under the trust deed was entitled to the rents due from Cullen's tenants to the extent that same were needed for the payment of insurance and taxes upon the property covered by the trust deed, after first applying the rents, which it was collecting from the property not deeded to Cullen. The court said in part [60 Minn. 11]:

"But, by the terms of the mortgage and power of attorney the rents in question are pledged, not only for the payment of the interest and principal of the bonds, but also for the payment of the insurance on the buildings and taxes on the premises. It seems to us that neither the letter nor spirit of the statute prohibits the pledging of these rents for the preservation of the property, and that the agreement applying these rents to the payment of the taxes and insurance should be enforced. It is clearly a species of waste for the holder of an estate, under which he is in possession, to take and enjoy the rents and profits and neglect to pay the taxes, when it is his duty to do so for the benefit of some other right, interest, or estate in the same land. * * * The enforcement of such an agreement to apply such rents in payment of the mortgage debt would be either a partial foreclosure, or an evasion of the law requiring a foreclosure. But the enforcement of an agreement to apply such rents in payment of the taxes and insurance is not at all in the nature of a foreclosure. * * * There are strong equities in favor of its enforcement. * * * The trust company cannot be compelled to exhaust its mortgage on the hotel property by foreclosure, before it is entitled to recover the rents in question."

The equities in the Cullen case were not as strong as in the present case. There was no default in payment of taxes or insurance on the part of the property conveyed to Cullen.

That case has been cited in many later cases, with special reference to the holding that an agreement in a mortgage, authorizing the mortgagee to collect rents and income from the mortgaged property before foreclosure or the expiration of the time for redemption and to apply same in payment or part payment of the principal or interest of the mortgage debt, is invalid under our statute. See Wolford v. Cook, 71 Minn. 77, 73 N. W. 706, 70 A. S. R. 315; Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; Orr v. Bennett, 135 Minn. 443, 161 N. W. 165, 4 A. L. R. 1396; Donnelly v. Butts, 137 Minn. 1, 162 N. W. 674; Nielsen v. Heald, 151 Minn. 181, 186 N. W. 299, 26 A. L. R. 29; Larson v. Orfield, 155 Minn. 282, 193 N. W. 453; Smith v. Ambassador Holding Co. 168 Minn. 437, 210 N. W. 288.

The opinion on reargument in the case of Anderson v. Minnesota L. & T. Co. 68 Minn. 491, 71 N. W. 665, 819, distinguishes that case from the Cullen case because, in the Anderson case the mortgagee, for a valuable consideration, had been granted possession of the premises by the mortgagors for the purpose of collecting and applying the rents on the mortgage debt. The Cullen case is not there, nor in any subsequent case, overruled or modified. Having stood without modification for such a length of time, the Cullen case may to some extent have become a rule of property in this state and should not now be disturbed.

The case of Farmers Tr. Co. v. Prudden, 84 Minn. 126, 86 N. W. 887, is of interest as showing that an assignment of rents and profits from real property, due and to become due, supported by a valuable consideration, is valid, although such rents are to be applied upon a pre-existing mortgage debt.

We have a long line of cases, not here necessary to cite, holding that where, in an action to foreclose a mortgage or after foreclosure during the year for redemption, the mortgagee applies for the appointment of a receiver to collect rents and income from the mortgaged property, a receiver will be appointed only when there has been such waste as to impair the security and those personally liable for the debt are insolvent. Failure to pay taxes, insurance or other charges accruing against the property after the mortgage

was given, which if not paid would become liens thereon superior to the mortgage, are held to be such waste. The holdings in these cases may appear not entirely consistent with the decision in the Cullen case. The rule as to when such receiver could be appointed antedates the Cullen case however and must have been considered by the court at the time. See Lowell v. Doe, 44 Minn. 144, 46 N. W. 297; Haugan v. Netland, 51 Minn. 552, 53 N. W. 873; Farmers Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5.

■ It is contended that the provisions of the trust deed for the payment of taxes and insurance provide merely for future advances, and so far as paid by the trustee same became additions to and merged in the mortgage debt. The trust deed however contains the additional provisions expressly assigning the rents to the trustee for the payment of these charges. In that situation, the fact that the trustee, in order to preserve the security, paid part of these charges would not seem to prevent recovery of the rents for reimbursement.

■ Some point is made that, because the default provision in the trust deed authorizes the trustee to enter upon the mortgaged premises without notice and receive rents, issues and profits, and lease and let any part of the premises, therefore it cannot collect rents without first entering or taking possession. The objection seems more technical than real. Taken in connection with the provisions mortgaging the rents and assigning them to the trustee, the default provision does not so limit the trustee.

■ It is urged that there is no privity between either of the defendants and the trustee, and that the New England company is not tenant of the trustee, hence cannot be sued for rent. It appears to be a sufficient answer to say that, while West assumed no personal liability under the trust deed, the property came to him charged with and subject to an assignment of all rents therefrom for the payment of taxes and insurance. His tenant stands in no better position; and, if the assignment of the rents is valid, it would seem to bind the tenant as well as the owner. An absolute assignment of the rents for the period covered by a lease has the

same effect as an assignment of the lease. Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638.

The proposition that the Cullen case should be held not controlling and should be overruled or distinguished has been covered by what has already been said.

Order affirmed.

DIBELL, J. took no part.

