CARL OSCAR PETERSON AND ANOTHER v. METROPOLITAN LIFE INSURANCE COMPANY AND OTHERS.[1]

May 12, 1933.

No. 29,560.

[1]Reported in 248 N. W. 667.

*Tryon & Everett* and *Leonard E. Oslund,* for appellant.
*Ithamar Tracy,* for respondents.

STONE, *Justice.*

Tried without a jury, this case resulted in a decision for plaintiffs. Metropolitan Life Insurance Company, one of the defendants (its two codefendants, joined only as its agents, are not parties to the appeal), appeals from an order denying its motion for amended findings or a new trial.

The case involves an apartment house property in Minneapolis, of which plaintiffs are owners. Appellant as assignee holds a first mortgage thereon, negotiated and made effective as a lien about December 2, 1930. The original principal debt was $45,000. It was payable in semi-annual instalments of $1,350 each until the principal should be reduced to $19,350, which was not to mature until March 1, 1941. There remains unpaid $42,300. For an unpaid instalment appellant has foreclosed by advertisement. Under the statute hereinafter considered, the foreclosure sale was made expressly "subject to the remaining amount then unpaid and secured by said mortgage." At the time of the sale upwards of $1,700 of unpaid and delinquent taxes were a lien to which the foreclosure sale was subject.

The mortgage expressly assigned to the mortgagee as part of the security the rents of the property. From that provision arises the sole issue in this action, the purpose of which is to enjoin the defendants from collecting or attempting to collect the rents during the period allowed for redemption. So far no redemption appears to have been made. The foreclosure sale was had May 18, 1932.

Plaintiffs take position on 2 Mason Minn. St. 1927, § 9572, reading that " a mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure." That section has been often construed in some of the cases hereinafter mentioned and many others. In our judgment, another and later statute is fatal to plaintiffs' claim. It is L. 1925, p. 351, c. 280, 2 Mason Minn. St. 1927, § 9610:

"Where a mortgage is given to secure the payment of money by installments, each installment either for principal or interest or both, as is due at any time, may be taken and deemed to be a separate and independent mortgage and such mortgage for each such installment may be foreclosed by advertisement or by action, in the same manner and with like effect as if a separate mortgage were given for each of such installments, and such foreclosure may be made and sale had subject to the installments yet to become due upon the mortgage; and a redemption from any such sale shall have the like effect as if the sale for such installment had been made upon an independent subsequent mortgage."

By Fidelity-Philadelphia Tr. Co. v. West, 178 Minn. 150, 226 N. W. 406, 407, and the cases there cited, it is established that, notwithstanding the older statute (§ 9572), a mortgagor of real estate may by the mortgage assign rents for the purpose of paying taxes and insurance if he or his grantees default in their covenants to pay the same. This case is basically unlike Gardner v. W. M. Prindle & Co. 185 Minn. 147, 240 N. W. 351, where the foreclosure was for the entire mortgage debt, which was paid by the sale. The effect was to discharge the mortgage. It remained only as a muniment of title. In this case, on the other hand, by express provisions of the later statute, L. 1925, p. 351, c. 280, 2 Mason Minn. St. 1927, § 9610, the mortgage remained in all its original vigor as security for the unpaid debt and also for the performance of the attendant covenants of the mortgagor to pay taxes and insurance, including any taxes unpaid at the time of the foreclosure. By force of the statute, and notwithstanding the foreclosure, the mortgage

and all its covenants remained in effect. The covenant to protect the security by payment of taxes was not diminished in its coverage. It continued to include, and to impose upon the mortgagors the duty to pay, taxes, all of them, whether accruing before or after the foreclosure. As said in Fidelity-Philadelphia Tr. Co. v. West, 178 Minn. 150, 153, 226 N. W. 406: "A distinction has been made between applying rents * * * to the payment of taxes * * * and applying such rents upon the mortgage debt." The latter is not allowed, but the former is permissible.

As far as now relevant, decisions such as Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486, and Martin v. Sprague, 29 Minn. 53, 11 N. W. 143, have been abrogated as to foreclosures for instalments by the 1925 statute. Prideaux v. Des Moines Joint-Stock Land Bank (D. C.) 34 F. (2d) 308. Where, as in the Gardner case, 185 Minn. 147, 240 N. W. 351, the foreclosure is for the full amount and the sale subject to taxes, our law does not allow the purchaser at the foreclosure to collect rents during the period of redemption for the purpose of paying taxes or any other charges on the property. The mortgage, both as contract and security, having been exhausted by the foreclosure, the sale being subject to accrued taxes, there remains no obligation on the mortgagor or his assigns to forego the rents. But where, as here, we have a foreclosure for an instalment of the debt other than the last, the 1925 law takes hold of the situation and preserves the mortgage, with all its covenants and the right to enforce them, so that in a proper case, of which this seems one, the mortgagee or his assigns are entitled to the rents for the purpose of paying delinquent taxes. The process is but a species of specific performance of an express covenant of the mortgagor binding upon him and his successor in interest. It is enforced, not to reduce the debt, but to conserve the security as the mortgagor has expressly contracted to protect it. The covenant to pay taxes being continued as a contractual obligation, the benefit thereof being saved by the statute for the mortgagee or his assigns, it becomes immaterial that the foreclosure for an instalment is subject to accrued taxes. The duty to apply

rents thereon remains. The mortgagee does not get them in reduction of his bid at the foreclosure sale (as in Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978), but in protection of his remaining and continuing security for the part of the debt remaining unpaid after the foreclosure for the instalment.

The order appealed from must be reversed with directions to amend the conclusions of law and order for judgment in accordance with the views above expressed and to enter judgment for appellant.

So ordered.

