## JOSEPH BRODALA AND OTHERS v. ST. PAUL HOME COMPANY AND OTHERS.[1]

March 2, 1934.

No. 29,644.

[1]Reported in 253 N. W. 113.

*Donald S. Doty,* for appellants.
*Kerr, Nelson, O'Neill, Mohan & Dudley,* for respondents.

*DEVANEY, Chief Justice.*

Action brought to foreclose a real estate mortgage in the amount of $1,200 covering the premises known and designated as 269 Fry street, St. Paul, Minnesota. The defendant mortgagor, St. Paul Home Company, is insolvent. Defendant Dobner is its general receiver. After the commencement of the foreclosure action, plaintiffs, the mortgagees, made a motion for the appointment of a separate receiver for the mortgaged premises or in the alternative for an order requiring Dobner, the mortgagor's general receiver, to save waste to the mortgaged premises by (1) making needed repairs; (2) paying for insurance; (3) paying real estate taxes due and delinquent, and for that purpose to segregate and hold separate all rents received on the above mortgaged property. The motion was supported by affidavits of various qualified persons. The lower court refused relief in all things save only that Dobner was directed to pay plaintiffs the sum of $13.20 to cover fire insurance which already had been paid by plaintiffs. From that order plaintiffs appeal.

The mortgagees on February 10, 1930, purchased from the St. Paul Home Company its $1,200 note, to secure which a first mortgage was given on a part of lot 1, block 7, College Park, St. Paul, upon which was standing a small house known as 269 Fry street. At the time of the execution and delivery of the mortgage the 1928 taxes were delinquent, and the 1929 taxes were due but unpaid. At the time of trial taxes for five years, from 1928 to 1932, inclusive, were either delinquent or due, nothing having been paid by the St. Paul Home Company or its receiver, Dobner, from the date of the execution of the mortgage to the date of trial. From the affidavit of Stanley Brodala, one of the plaintiffs, the pertinent facts are set forth concerning the present neglected and deteriorated condition of the house. From the affidavit of William J. Gray, the

only tenant living in the mortgaged house, we learn that the house is in disrepair and that repeated requests made to Dobner to repair the property have been disregarded. From the affidavit of E. A. Young, assessor for Ramsey county, the fact appears without dispute that the land and building in question were assessed in the year 1932 at a full and true value of $800. The affidavit of the general receiver, Dobner, does not deny the present deteriorated condition of the property, but states that this condition of extreme disrepair, even to many broken windows, existed at the time of the execution of the mortgage.

From the foregoing the need for immediate repair cannot be gainsaid if the property is to remain habitable and is not to suffer still further deterioration and decay. Whether the security was ever adequate may well be doubted in view of the above recited facts. However that may be, it is admittedly inadequate today. But the inadequacy of the security and the insolvency of the defendant are not alone sufficient. Waste must be present. In the instant case waste in at least one particular is admitted. Failure to pay taxes due or delinquent April 1, 1933, in the amount of $266.32 goes forward unchecked. The fact that the 1928 and 1929 taxes were respectively delinquent and due when the mortgage was executed has no significance. See Donnelly v. Butts, 137 Minn. 1, 3, 162 N. W. 674. The only relief granted by the lower court under the showing made was a direction to Dobner to pay plaintiffs $13.20, an amount already expended by them for insurance. The burden is upon the plaintiffs here to prove by clear and convincing evidence that the security is impaired by waste caused or permitted by defendants. Nielsen v. Heald, 151 Minn. 181, 185, 186 N. W. 299, 26 A. L. R. 29. We believe that plaintiffs have made such a clear and convincing showing and that it is for the most part undisputed. The failure to pay taxes, a species of waste, is not contradicted. In Cullen v. Minnesota L. & T. Co. 60 Minn. 6, 11, 61 N. W. 818, 820, the court said:

"It is clearly a species of waste for the holder of an estate, under which he is in possession, to take and enjoy the rents and profits and

neglect to pay the taxes, when it is his duty to do so for the benefit of some other right, interest, or estate in the same land."

The failure to repair, to replace broken windows, to nail on loose siding, to repair holes in the walls, or to suffer these and other like conditions to exist for a period of more than two years is a sufficient exposition of the character of defendants' care of the property and the failure to prevent waste. The lower court should have ordered the mortgagor's general receiver, Dobner, to segregate the rents from the property and apply the same to the payment of taxes and insurance and to the making of necessary repairs. The failure of the lower court to grant this relief was in our opinion an abuse of discretion.

Case remanded with directions to the court to order Dobner, the mortgagor's general receiver, to segregate and hold all moneys received from rents on the property beginning with May 1, 1933, and during and until the expiration of the period of redemption, the same to be applied in accordance with such future order as the lower court may in its discretion make: (1) To the payment of due and delinquent taxes; (2) to the making of necessary repairs; and (3) to the payment of any further necessary insurance not provided for in the original order of the court.

Remanded with directions.